LEONE, J.A.D.
*287 Defendant Allaquan Jackson appeals the August 16, 2016 order denying his second petition for post-conviction relief (PCR). Defendant asserted his first PCR counsel was ineffective for not claiming trial counsel was ineffective regarding a potential witness.
*288 We hold that defendant's second petition was untimely under Rule 3:22-12(a)(2)'s time limits. Those limits cannot be relaxed by invoking Rule 1:1-2 or Rule 3:22-12(a)(1), because the Supreme Court in 2009 and 2010 amended Rule 1:3-4, Rule 3:22-4(b), and Rule 3:22-12 to preclude enlargement or relaxation. Those amendments apply to defendant, who had no vested right to file a petition fourteen years out of time. Accordingly, we affirm.
I.
On October 20, 1999, Shavonne Young, defendant's sixteen-year-old girlfriend and the mother of their two children, died after being shot six times. Three days earlier, Young had reported to police that "[defendant] raped me." Defendant confessed that "he shot Miss Shavonne Young," identified the firearm he used, and signed a written confession.
Defendant's second PCR petition is based on facts set forth fourteen years earlier in a May 15, 2001 pretrial hearing. About a month before trial, defendant's trial attorneys Donna Scocozza and Anita Treasurer obtained a written statement from Malika Williams, the girlfriend of defendant's brother. In her statement, Williams claimed that she, defendant, and his brother drove to Young's apartment, that the brother showed them the gun, and that she and defendant waited in the car while his brother went into Young's apartment and shot her. Defendant's trial attorneys provided Williams's statement to the prosecutor in discovery. About a week later, Scocozza told the prosecutor that, in a phone call between Scocozza and Williams, Williams said her written statement was untrue.
Defendant's trial attorneys subpoenaed Williams to testify, and moved to enforce the subpoena. The State moved to disqualify Scocozza because she might have to testify about Williams's oral recantation. The trial judge denied the motions on May 15, 2001. During trial, Williams appeared, acknowledged she had been subpoenaed, and was instructed to return on the day *265 the defense case began. However, she failed to do so. *289 Defendant testified at trial, and retracted his confession. He testified he, his brother, and Williams drove to Young's apartment, and he and Williams waited in the car while his brother took a gun, went into the apartment and shot Young.
The jury convicted defendant of: first-degree purposeful and knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2) ; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) ; second-degree burglary, N.J.S.A. 2C:18-2 ; third-degree terroristic threats, N.J.S.A. 2C:12-3 ; third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) ; and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). The trial court imposed a term of life imprisonment with a thirty-year period of parole ineligibility. At sentencing, defendant said: "I did commit this crime and I'm sorry for what happened and ... Williams was available and requested to come, but my lawyer refused to call her[.]" On direct appeal, defendant claimed trial counsel was ineffective. We affirmed defendant's July 20, 2001 judgment of conviction. State v. Jackson, No. A-1978-01 (App. Div. July 7, 2003), certif.denied, 178 N.J. 34, 834 A.2d 407 (2003).[1]
On September 21, 2005, defendant pro se filed his first PCR petition. In his pro se brief, he again claimed his trial counsel was ineffective. First PCR counsel was appointed, and filed a brief alleging eleven ways trial counsel was ineffective, including by failing to call Williams as a trial witness. The PCR judge, who also presided over the trial, denied defendant's petition on April 27, 2007.
On May 7, 2007, defendant filed a pro se motion for reconsideration, arguing first PCR counsel was ineffective in handling the claim regarding Williams. The PCR judge denied reconsideration on November 13, 2007.
*290 Defendant appealed, claiming trial counsel was ineffective in eleven ways, including failing to call Williams. We affirmed the denial of his first PCR petition. State v. Jackson, No. A-0863-07 (App. Div. Feb. 17, 2009), certif.denied, 200 N.J. 549, 985 A.2d 647 (2009).
Defendant also filed a federal habeas corpus petition that was denied because it was untimely. Jackson v. Bartkowski, No. 105452, 2012 U.S. Dist. LEXIS 97126 (D.N.J. July 11, 2012). Defendant filed a motion to reopen the habeas corpus petition, which was denied. Jackson v. Bartkowski, No. 105452, 2013 U.S. Dist. LEXIS 89427 (D.N.J. June 26, 2013).
On May 22, 2015, defendant filed a second PCR petition. In his pro se brief, defendant alleged trial, appellate, and first PCR counsel were ineffective regarding the failure to call Williams, and in disclosing Williams's recantation to the prosecutor. The same PCR judge denied defendant's second petition in a written opinion and order. Defendant appeals, arguing:
POINT ONE-THE TIME BAR SHOULD BE RELAXED WHERE THE ISSUE RAISED IN THE DEFENDANT'S SECOND PCR PETITION WAS THE RESULT OF THE PATENTLY DEFICIENT CONDUCT OF HIS FIRST PCR COUNSEL.
POINT TWO-THE DEFENDANT'S FIRST PCR COUNSEL ERRED WHERE HE DID NOT RAISE THE ISSUE OF WHETHER THE DEFENDANT'S TRIAL ATTORNEY BREACHED THE ATTORNEY-CLIENT RELATIONSHIP BY DISCLOSING
*266 TO THE ASSISTANT PROSECUTOR A WITNESS'S VERBAL RECANTATION OF A PRIOR SWORN STATEMENT.
POINT THREE-PREJUDICE IS PRESUMED WHERE THE CONFLICT OF INTEREST COMPROMISED DEFENSE COUNSEL'S STRATEGIC TRIAL DECISIONS.
POINT FOUR-THE PCR COURT ERRED WHERE IT FOUND THAT THE DEFENDANT DID NOT ESTABLISH A PRIMA FACIE CASE WHICH WARRANTED AN EVIDENTIARY HEARING.
POINT FIVE-THE DEFENDANT INCORPORATES IN SUMMARY FASHION THE ARGUMENTS BELOW.
Additionally, defendant filed a pro se supplemental brief in which he argues:
THE PROCEDURAL BARS THE COURT APPLIED TO THE DEFENDANT'S SECOND PCR PETITION SHOULD HAVE BEEN RELAXED BECAUSE DEFENDANT'S FIRST PCR ATTORNEY'S REPRESENTATION WAS SO
*291 GROSSLY DEFICIENT THAT IT AMOUNTED TO NO PCR AT ALL THEREBY DEPRIVING DEFENDANT OF A FIRST PCR AS OF RIGHT.
II.
As the PCR court did not hold an evidentiary hearing on the claim defendant now raises on appeal, we "conduct a de novo review." State v. Harris, 181 N.J. 391, 421, 859 A.2d 364 (2004). We must hew to this standard of review.
In his second PCR petition filed on May 22, 2015, defendant argues his first PCR counsel was ineffective for failing to claim trial counsel was ineffective in disclosing Williams's oral recantation to the prosecutor. The PCR judge found defendant's second PCR petition was severely out of time because defendant waited "more than eight years after the denial of [his] first PCR" to file his second PCR. We agree defendant's claim is time-barred.
Rule 3:22-4(b) states that "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under Rule 3:22-12(a)(2)[.]" Rule 3:22-12(a)(2) provides:
Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
[Ibid. (emphasis added); see R. 3:22-4(b)(2).]
Defendant's second PCR petition was not timely under Rule 3:22-12(a)(2)(A) because he claims no newly recognized constitutional right.
Defendant's second petition was not timely under Rule 3:22-12(a)(2)(B) because defendant knew Scocozza had told the prosecutor about Williams's oral recantation at least by the May 15, 2001 *292 pre-trial *267 hearing, at which defendant was present. Defendant knew no later than the April 27, 2007 first PCR hearing, which he attended, that PCR counsel had not based his arguments on Scocozza's disclosure of Williams's recantation. Defendant does not assert his ineffectiveness claim is based on evidence or information that could not have been discovered earlier through the exercise of reasonable diligence. See State v. Brewster, 429 N.J. Super. 387, 399-400, 58 A.3d 1234 (App. Div. 2013).
Defendant's second petition is also untimely under Rule 3:22-12(a)(2)(C). Although it alleged ineffective assistance of counsel that represented defendant on his first PCR petition, defendant's second petition was not filed within one year of the date of the denial of his first PCR on April 27, 2007. Accordingly, the PCR court properly dismissed his second PCR petition under Rule 3:22-4(b)(1).
Defendant claims the time bar should be relaxed under Rule 1:1-2(a), which generally provides that "any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." Prior to 2009, Rule 1:1-2 could be invoked to relax the five-year time limit under Rule 3:22-12(a) (2002), which was then applicable to all non-capital first, second, and subsequent PCR petitions.[2]
However, effective September 1, 2009, the Supreme Court amended the rule governing enlargements of time, Rule 1:3-4, to provide: "Enlargements Prohibited. Neither the parties nor the court may, however, enlarge the time specified by ... R. 3:22-12 (petitions for post-conviction relief)[.]" R. 1:3-4(c). The "time limitations" in Rule 3:22-12 "hence are not subject to the relaxation provision of Rule 1:1-2." See Aujero v. Cirelli, 110 N.J. 566, 577, 542 A.2d 465 (1988). Thus, enlargement of Rule 3:22-12's time limits "is absolutely prohibited." See ibid.; see also In re Rosenthal, 118 N.J. 454, 458, 572 A.2d 591 (1990) ;
*293 State v. Priester, 99 N.J. 123, 141, 491 A.2d 650 (1985) ; Baumann v. Marinaro, 95 N.J. 380, 388, 471 A.2d 395 (1984).
Moreover, also effective September 1, 2009, the Supreme Court amended Rule 3:22-12 by adding a new subparagraph, Rule 3:22-12(c) (2009), now Rule 3:22-12(b), which provides: "These time limitations shall not be relaxed, except as provided herein."[3] Like the simultaneous amendment to Rule 1:3-4(c), the amendment resulting in Rule 3:22-12(b) was intended "to make clear that the general time limits to file a petition for post-conviction relief as set forth in R. 3:22-12 cannot be enlarged or relaxed except as specifically set forth in R. 3:22-12(a)." Report of the Supreme Court Criminal Practice Committee 2007-2009 Term at 4-5 (Feb. 17, 2009).
Finally, effective February 1, 2010, the Supreme Court again amended Rule 3:22-12 by adding a new subparagraph, Rule 3:22-12(a)(2), requiring that "no second or subsequent petition shall be filed more than one year after" the date one of three claims accrued, as defined in that subparagraph. The Court also added Rule 3:22-4(b), requiring second or successive petitions to be dismissed unless they alleged one of those three claims and were "timely under R. 3:22-12(a)(2)."
By mandating in Rule 3:22-12(a)(2) that the one-year time limit applied "[n]otwithstanding *268 any other provision of this rule," the Supreme Court made clear that the late filing of a second or subsequent PCR petition could not be excused in the same manner as the late filing of a first PCR petition. Under the amended Rule 3:22-12(a)(1)(A), the filing of a "First Petition For Post-Conviction Relief" more than five years after the date of the judgment of conviction can be excused if the defendant shows both "that the delay beyond said time was due to defendant's excusable neglect *294 and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."[4] That exception to the five-year time limit has no application to second or subsequent petitions filed within one year of the events specified in Rule 3:22-12(a)(2), as that subparagraph is itself an exception to the five-year requirement of Rule 3:22-12(a)(1)(A).[5]
All of these rule amendments were adopted after defendant's judgment of conviction, and indeed after his first PCR petition. However, a PCR petition filed after the amendments is governed by the amended versions of Rule 3:22-12 and Rule 1:3-4(c). A procedural rule "is in general to be deemed applicable to actions pending on its effective date as well as those instituted thereafter." Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 120, 299 A.2d 394 (1973) ; see Romagnola v. Gillespie, Inc., 194 N.J. 596, 603, 947 A.2d 646 (2008) ; State v. Reevey, 417 N.J. Super. 134, 144, 147-49 & n.2, 8 A.3d 831 (App. Div. 2010) (applying the 2010 amendments to Rule 3:22-4(a), barring claims not previously raised, to a defendant's PCR petition filed in 2008).
"[C]ourt rules 'are given retrospective application if vested rights are not thereby disturbed.' " Shimm v. Toys From The Attic, Inc., 375 N.J. Super. 300, 304-05, 867 A.2d 1204 (App. Div. 2005) (quoting Feuchtbaum v. Constantini, 59 N.J. 167, 172, 280 A.2d 161 (1971) ); see also *295 State v. Rose, 425 N.J. Super. 463, 468, 42 A.3d 172 (App. Div. 2012). Defendant had no vested right to file a second PCR petition fourteen years after his judgment of conviction. Under Rule 3:22-12 prior to the amendments, a defendant was required to show "excusable neglect." R. 3:22-12(a) (2002); see State v. Marshall, 173 N.J. 343, 355, 801 A.2d 1142 (2002). Under Rule 1:1-2(a), a defendant had to show "an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52, 697 A.2d 529 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580, 601 A.2d 198 (1992) ). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Milne, 178 N.J. 486, 492, 842 A.2d 140 (2004) (quoting Afanador, 151 N.J. at 52, 697 A.2d 529 ). Our Supreme Court repeatedly refused to condone the filing of petitions after lengthy delays. Milne, 178 N.J. at 493, 842 A.2d 140 (delay of thirteen years); see *269 Afanador, 151 N.J. at 52, 697 A.2d 529 (citing cases with delays of seven and eleven years). "The prejudice to the State's ability to litigate the case after a long delay is also relevant." Mitchell, 126 N.J. at 580, 601 A.2d 198. A court would "only relax the bar of Rule 3:22-12 under exceptional circumstances." Afanador, 151 N.J. at 52, 697 A.2d 529.
Defendant has not shown exceptional circumstances justifying filing his second PCR petition fourteen years after his judgment of conviction, and eight years after his first PCR petition. In his second PCR petition, he made no effort to show excusable neglect.[6] He has not shown reliance on the pre-amendment *296 rules. He did not file his second PCR petition within one year of the rule amendments. In short, there is no basis to exempt him from the rules applicable at the time he filed his second petition.
Defendant's claim of injustice is particularly unappealing. The heart of defendant's ineffectiveness claims is his assertion that his trial attorneys-having indicated to the prosecutor that Williams may be called as a defense witness at trial, and produced to the prosecutor Williams's written statement allegedly exculpating defendant-should have called Williams to testify or introduced her statement without disclosing to the prosecutor that Williams said her written statement was untrue. In other words, defendant claims his trial attorneys should have risked violating the normal standards of professional ethics.
"Where, as here, an attorney knows that his client or a material witness intends to deviate from his deposition testimony in a crucial way, we believe that the attorney has an ethical obligation to convey that fact to his adversary." McKenney ex rel. McKenney v. Jersey City Med. Ctr., 330 N.J. Super. 568, 587-88, 750 A.2d 189 (App. Div. 2000), rev'd on other grounds, 167 N.J. 359, 771 A.2d 1153 (2001). Our Supreme Court has quoted and "agree[d] completely" with this "legal analysis concerning a lawyer's duty of disclosure in such circumstances." McKenney ex rel. McKenney v. Jersey City Med.Ctr., 167 N.J. 359, 369-71, 771 A.2d 1153 (2001) ; see Liguori v. Elmann, 191 N.J. 527, 551, 924 A.2d 556 (2007).
We found that ethical obligation was supported by RPC 3.3. McKenney, 330 N.J. Super. at 588 n.1, 750 A.2d 189. That ethical rule requires that a lawyer shall not knowingly:
*297 (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures; or
(5) fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal, except that it shall not be a breach of this rule if the disclosure *270 is protected by a recognized privilege or is otherwise prohibited by law.
[ RPC 3.3(a) ].
Additionally, the ethical rules provide that a lawyer shall not "falsify evidence, counsel or assist a witness to testify falsely[.]" RPC 3.4(b).
Our Supreme Court also has ruled that the "zeal displayed [by criminal defense counsel] must not transcend the bounds imposed by law or by those ethical standards and professional proprieties which govern the conduct of all members of the bar at all times." In re Seelig, 180 N.J. 234, 253-54 & n.9, 850 A.2d 477 (2004) (quoting State v. Thomas, 61 N.J. 314, 321, 294 A.2d 57 (1972), and citing RPC 3.3(a)(5) ). A criminal defense "attorney would be engaged in professional misconduct if he or she knowingly assisted a client to perpetrate a fraud on the court by assisting or encouraging a client to lie under oath." State v. Taccetta, 200 N.J. 183, 196, 975 A.2d 928 (2009) (citing RPC 3.3(a) ).
However, we need not decide whether the disclosure by defendant's trial attorneys was required by the Rules of Professional Conduct, whether the disclosure could constitute ineffectiveness, or whether first PCR counsel was ineffective. We do not reach the merits because defendant's second PCR petition was untimely under Rule 3:22-12(a)(2), and "shall be dismissed" under Rule 3:22-4(b)(1).
Affirmed.

Defendant's pro se brief on his second PCR petition asserted appellate counsel claimed defendant's trial attorneys were ineffective for not calling Williams.

See, e.g., State v. DiFrisco, 187 N.J. 156, 164-68, 900 A.2d 820 (2006).

Effective September, 1, 2017, the Supreme Court renumbered Rule 3:22-12(c) as Rule 3:22-12(b) after the Court deleted the existing Rule 3:22-12(b), which "was rendered obsolete by the abolition of the death penalty." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-12 (2018).

The 2010 amendments thus "ma[de] the defendant's excusable neglect exception subject to a reasonable probability of fundamental injustice test." Pressler & Verniero, Current N.J. Court Rules, history and analysis of amendments to R. 3:22-12, www.gannlaw.com (2018); see R. 3:22-12(a)(1). Thus, for first PCR petitions filed after that amendment, it is no longer sufficient merely to show "excusable neglect." See, e.g., State v. O'Donnell, 435 N.J. Super. 351, 368-69, 375-76, 89 A.3d 193 (App. Div. 2014) ; Brewster, 429 N.J. Super. at 398, 58 A.3d 1234 ; cf., e.g., DiFrisco, 187 N.J. at 166, 900 A.2d 820.

Effective September 1, 2017, the criteria in Rule 3:22-12(a)(2) are also a separate exception for first PCR petitions. R. 3:22-12(a)(1)(B); see Brewster, 429 N.J. Super. at 399-400 & n.4, 58 A.3d 1234.

To his pro se appellate brief, defendant attaches a notice of motion to supplement the record attaching certifications post-dating the ruling on review, and documents which likewise were not presented to the judge ruling on his second PCR petition. Defendant's motion to supplement was never filed with this court. In any event, we decline to consider certifications and documents not submitted to the judge in the second PCR proceedings. We merely note that "[i]gnorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218, 838 A.2d 543 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82, 838 A.2d 470 (App. Div. 2003). Similarly, "a misunderstanding of the meaning of [Rule 3:22-12] would not constitute 'excusable neglect.' " State v. Dugan, 289 N.J. Super. 15, 22, 672 A.2d 1240 (App. Div. 1996). Moreover, a "[d]efendant's assertion that he lacks sophistication in the law does not satisfy the exceptional circumstances" standard. State v. Murray, 162 N.J. 240, 246, 744 A.2d 131 (2000).