**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0282-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN BRINSON, a/k/a JOHN
BROWN, and CHRISTOPHER
EVANS,

     Defendant-Appellant.

_____

> Submitted October 15, 2019 – Decided January 31, 2020
>
> Before Judges Rothstadt and Moynihan.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-03-0811.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant John Brinson appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant was convicted by a jury of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). The charges arose from defendant's murder of a thirteen-year-old victim on June 19, 2011. The sentencing court imposed an aggregate sentence of fifty years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.

Defendant appealed, arguing that the trial judge "improperly precluded [him] from adducing evidence regarding third-party guilt," denied his request for a Wade hearing, and erred by admitting into evidence the prior statements of three witnesses. He also challenged his sentence as excessive and "unduly punitive." We affirmed his convictions and sentence in an unpublished opinion. State v. Brinson, No. A-3611-13 (App. Div. Jan. 11, 2017) (slip op. at 28). The Supreme Court denied his petition for certification. State v. Brinson, 230 N.J. 418 (2017).

A-0282-18T3

The facts underlying defendant's convictions are set forth in our opinion and need not be repeated here. See Brinson, slip op. at 3-11.

On June 6, 2017, defendant filed a PCR petition in which he asserted that he received ineffective assistance of counsel (IAC) from his trial attorney. After he was assigned PCR counsel, defendant filed a supporting certification that stated he asked his trial counsel to interview "various members of [his] family" about his presence at a family gathering the night of his victim's murder. He also certified that during trial, his counsel never cross-examined a specific witness about an affidavit in which the witness allegedly "repudiat[ed] his statement to the police that he saw [defendant on] the night of the" murder. Defendant also stated that he informed counsel that he was a victim of two drive-by shootings in May 2011, which he believed were related to his victim's murder. He asserted that counsel failed to investigate the shootings and "whether there was [any] connection to [his] frame-up."

Moreover, defendant added that counsel advised him not to "accept a lesser-included offense," and advised him to decline a plea offer from the State, without advising defendant of "the penal consequences of refusing the offer" or "the relative strengths and weaknesses of" his or the State's case. Finally,

A-0282-18T3

defendant asserted that another person may have been involved in the murder and his counsel failed to investigate a third-party guilt defense.

The PCR judge, who was also the trial judge, denied defendant's petition by order dated May 9, 2018, after he placed his reasons on the record that day. Addressing defendant's claims of third-party guilt, the judge explained that there was no evidence to support the claim. Regarding counsel's failure to cross-examine a witness about the affidavit concerning the witness's recantation, the judge observed that no such affidavit existed. Turning to counsel's decisions not to seek a jury charge on lesser-included offenses and not to call and cross-examine witnesses, the judge found that the decisions "were all of a strategic nature," which the "[c]ourt [would] not second guess."

Addressing defendant's claim about a plea agreement, the judge noted that although the prosecutor and defense counsel had informal discussions even on the day of trial about a possible plea offer, because defendant never indicated he was interested in pleading guilty, no plea offer was ever made. Instead, defendant maintained his innocence throughout the litigation and "if [defendant was] maintaining his innocence, [he could not], under oath, plead guilty, which would . . . clearly [be] inconsistent with" the position he was taking. Under those circumstances, defendant could not plead guilty without committing

perjury. For that reason, the PCR judge did not find any merit to defendant's claim that he would have accepted a plea offer had he been advised of one.

Turning to defendant's contentions about the judge's jury charge on witness identification, trial counsel's failure to object to the charge, and appellate counsel's failure to raise the issue on appeal,[1] the judge found there was nothing wrong with the charge and noted that it was "quite lengthy, . . . took up [sixteen] pages . . . , and was rather thorough with regard to what it sa[id]." He found that the charge was clear in advising the jury to consider eyewitness testimony skeptically.

The judge then discussed defendant's claim that he was entitled to an evidentiary hearing. Citing to Strickland v. Washington, 466 U.S. 668 (1984), he found that defendant failed to present a prima facie case of IAC by not showing that counsel was deficient and was prejudiced by any alleged deficiency. Defendant's arguments that counsel failed to investigate possible alibis, inform the jury of certain facts, call and cross-examine certain witnesses, and pursue a third-party defense, were either unsupported by the record, the result of reasonable strategic decisions by counsel, or, assuming counsel acted

---

[1] PCR counsel argued this point at oral argument. It also may have been included in a supporting brief, but we have not been provided with a copy of that submission if it existed.

in conformity with defendant's contentions, would not have changed the result in this case. Moreover, the judge found, as to appellate counsel, defendant's attorney did not fail to raise meritorious arguments on appeal, and arguments that defendant was raising for the first time on PCR, should have been raised on direct appeal. An order denying relief was entered on the same day. This appeal followed.

Defendant presents the following issues for our consideration in his appeal.

POINT I

THE PCR COURT ERRED IN RULING THAT BRINSON RECEIVED THE EFFECTIVE ASSISTANCE OF COMPETENT TRIAL COUNSEL IN CONNECTION WITH THE STATE'S PLEA OFFER TO BRINSON.

POINT II

APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE BECAUSE COUNSEL FAILED TO RAISE THE ISSUE CONCERNING THE TRIAL COURT'S FAILURE TO CONDUCT A PRETRIAL CONFERENCE TO ENSURE THAT BRINSON WAS AWARE OF THE STATE'S PLEA OFFER AND HAD THE OPPORTUNITY TO REVIEW, EVALUATE AND ACCEPT THE PLEA

OFFER ON THE RECORD (NOT RAISED BELOW).

POINT III

THE PCR COURT ERRED IN RULING THAT BRINSON RECEIVED THE EFFECTIVE ASSISTANCE OF COMPETENT TRIAL COUNSEL WHERE COUNSEL FAILED TO PERFORM THE REQUISITE INVESTIGATION TO SUPPORT BRINSON'S THIRD-PARTY GUILT DEFENSE.

POINT IV

THE PCR COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PCR PETITION WITH RESPECT TO DEFENDANT'S CLAIM THAT HE RECEIVED THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND APPELLATE COUNSEL IN CONNECTION WITH THE TRIAL COURT'S INSTRUCTION ON IDENTIFICATION WHICH WAS FATALLY FLAWED BECAUSE IT IMPROPERLY INFERRED THAT THE FOUR EYEWITNESSES' IDENTIFICATIONS WERE BASED UPON THEIR HAVING OBSERVED DEFENDANT AT THE SCENE OF THE CRIME AND DEFENDANT'S HAVING ENGAGED IN AN ILLEGAL ACT.

POINT V

THE PCR COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING TO ADDRESS THE CLAIMS RAISED BY DEFENDANT.

We are not persuaded by any of these arguments and affirm.

At the outset, we will not consider defendant's arguments in Point II, which were not raised before the PCR judge, about appellate counsel's failure to argue that his conviction should have been reversed because the court did not conduct a pretrial conference under Rule 3:9-1(f). "For sound jurisprudential reasons, with few exceptions, '[we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)).

Moreover, we conclude that defendant's contention about trial counsel's alleged IAC involving a failure to communicate plea offers, which defendant identifies as "the essence" of his PCR claim, is without merit. No plea offer was made because defendant continued to assert his innocence up through the commencement of trial. Even if a plea offer was made, according to defendant, it was the trial court's duty, not counsel's, to conduct the pretrial hearing where

defendant could be apprised of the final plea offer and the "procedural realities and prospects for punishment" he was facing if he refused to accept a plea offer had one been made. As defendant states in his brief, "[l]egally, it does not matter whether [he] was advised of the plea offer and his substantial sentencing exposure by his trial attorney" because that was the trial court's "non-delegable duty."

So too do we reject defendant's arguments about counsel's failure to pursue defendant's claim of third-party guilt. As we found in our earlier opinion affirming defendant's conviction, his claim had no merit. See Brinson, slip op at 15-16. Since we previously considered defendant's contentions about third-party guilt, his claim on PCR is procedurally barred, R. 3:22-5, and substantively, it has not changed since we first addressed that argument, see State v. Marshall, 173 N.J. 343, 351 (2002) (stating that an issue is precluded from consideration on PCR when it "is identical or substantially equivalent to that adjudicated previously on direct appeal" (quoting State v. Marshall, 148 N.J. 89, 150 (1997))); see also State v. McQuaid, 147 N.J. 464, 484 (1997).

Turning to defendant's remaining arguments and applying our de novo standard of review, State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018);

9

see also State v. Harris, 181 N.J. 391, 421 (2004), we find them to be without merit.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42, 49-50 (l987). In order to prevail on a claim of IAC, defendant must meet the two-prong test of establishing both: (l) that counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution; and (2) that the defect in performance prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We conclude from our review of the record that defendant failed to make a prima facie showing of IAC as to trial counsel within the Strickland-Fritz test, and as to appellate counsel under State v. Echols, 199 N.J. 344, 361 (2009) (stating that petitioner must prove his appellate counsel failed to raise an issue that would have constituted reversible error on appeal). We find defendant's arguments, to the contrary, are without sufficient merit to warrant further

10

discussion in a written opinion. R. 2:11-3(e)(2). Suffice it to say his contentions about trial counsel's failure to object to the identification jury charge or appellate counsel's failure to raise the issue on appeal are belied by the completeness of the charge delivered by the judge and its mirroring of the Model Jury Charge. See Model Jury Charges (Criminal), "Identification: Out-of-Court Identification Only" (rev. July 19, 2012); Estate of Kotsovska v. Liebman, 221 N.J. 568, 596 (2015) (stating that a "presumption of propriety . . . attaches to a trial court's reliance on the model jury charge" when it is used for "the specific purpose for which [it] was adopted"). Accordingly, the PCR judge correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0282-18T3