**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1912-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTOINE A. PARSLEY, a/k/a
ANTWIONE A. PARSLEY

    Defendant-Appellant.

_____

        Submitted January 27, 2021 – Decided February 11, 2021

        Before Judges Alvarez and Geiger.

        On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 11-04-0229.

        Antoine A. Parsley, appellant pro se.

        John T. Lenahan, Salem County Prosecutor, attorney for respondent (David Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Antoine A. Parsley appeals from a December 20, 2019 order dismissing his second petition for post-conviction relief (PCR) as time-barred pursuant to Rule 3:22-4(b). We affirm for the reasons stated by Judge Sandra Lopez in her well-reasoned written decision.

Defendant was convicted of fourth-degree aggravated assault (count four), N.J.S.A. 2C:12-1(b)(4); second-degree possession of a firearm for an unlawful purpose (count five), N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a handgun (count six), N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon by a certain person (count seven), N.J.S.A. 2C:39-7(b)(1). The jury was unable to reach a verdict on three other counts; those charges were subsequently dismissed.

On March 20, 2012, defendant was sentenced to an aggregate nine-year term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction on direct appeal but remanded for merger of counts four and five. State v. Parsley, No. A-2001-12 (App. Div. April 6, 2015). On May 15, 2015, defendant was resentenced to add the mandatory parole supervision under NERA and to merge counts four and five. On December 15, 2015, we affirmed the modified sentence on an oral argument sentencing

calendar pursuant to Rule 2:9-11. The Supreme Court denied certification. State

v. Parsley, 224 N.J. 247 (2016).

We recounted the underlying facts in our prior opinion:

> Defendant had accused the victim of having provided the authorities with information regarding his illegal activities. Defendant ended the argument by throwing a bicycle and a stroller at the victim, and telling him he was "about to clear the street." The victim heard defendant make a phone call during which he told someone to "bring Roscoe," which he understood to be a reference to defendant's handgun. Later on, the victim saw defendant's car, was told to "watch out," and saw defendant standing behind a school bus between two houses and pointing a gun in his direction. The victim and another person fled the area when they heard gunshots.
>
> When the incident occurred, the Salem County Prosecutor's Office had coincidentally been intercepting defendant's cell phone communications pursuant to a warrant, related to an ongoing narcotics investigation as well as an investigation related to another shooting. Approximately half an hour after the shooting, the victim called defendant. Defendant was recorded making reference to the fact that the person defendant had been shooting at was not the victim, but someone else. Some of the intercepted conversations were played to the jury. All had been obtained pursuant to an electronic wiretap warrant.
>
> [State v. Parsley, No. A-3659-17 (App. Div. May 8, 2019) (slip op. at 2-3).]

A-1912-19

Defendant filed his first PCR petition on March 14, 2016. Counsel was appointed to represent him. On June 13, 2017, the PCR court issued an order and accompanying comprehensive written decision denying the petition without an evidentiary hearing. We affirmed substantially for the reasons expressed by the PCR judge. Id. at 2. The Supreme Court denied certification. State v. Parsley, 240 N.J. 91 (2019).

On November 15, 2019, defendant filed a pro se second PCR petition. In it he claimed that first PCR counsel was ineffective by failing to investigate trial counsel's failure to investigate and call three potential fact witnesses. He contended that an investigator should have been used to interview the potential witnesses, but PCR counsel failed to apply to the Public Defender for ancillary services. Defendant claimed that the witnesses, Jamaal Shockley, Dondi Cabbell, and George Booker, would have provided statements attesting that defendant was not in the area at the time of the alleged crime.

In his petition, defendant states that he requested trial counsel to interview the witnesses but counsel, who was privately retained, advised that he required an additional $7500 immediately to do so. Defendant does not contend that sum was paid. Counsel continued to represent defendant through trial but did not

4

retain a private investigator or personally investigate, interview, or call any of the potential witnesses.

Defendant further asserts that he advised first PCR counsel of trial counsel's failure to investigate his witnesses. Defendant provided PCR counsel with a copy of Shockley's certification and asked counsel to interview Cabbell and Booker. Shockley's certification stated he was never contacted by trial counsel. It also stated he was willing to testify in court to the following facts:

> On August 28, 2010 I was sitting on my kids' mother's porch . . . with her, our kids, Leslie Bundy and others around [9 p.m.] until [2 a.m.]. A few hours later like [12 a.m.] or [1 a.m.] a dark skin tall guy with a black hat on dressed in all black was on the side of the house further down the street by a yellow school bus shooting a gun in the air. [Antione] was never on Sinnickson Street this night and was not the person shooting.

Defendant submitted a certification by Booker that stated he was willing to testify in court to the following facts:

> I was on Sinnickson Street around [10 p.m.] till [2 a.m.] in front of Jovan Roots' house on August 28, 2010. Jovan Roots, her daughter, Jamaal Shockley, Leslie Bundy, me and a few people [were] hanging out in front of Jovan's talking. Sometime around [1 a.m.] I [saw] a [six-foot] tall black male with all black on, with a black hat come from a side of a[] house by the corner of Sinnickson Street on the same side where we [were] standing firing a gun in the air by a yellow school bus. Leslie Bundy and I ran[] up Sinnickson Street to Olive Street and went our separate way. I['ve] known

5

[Antione] Parsley since he was a kid and he was not the shooter in this incident. [Antione] Parsley wasn't on Sinnickson Street at all during this day and time.

Defendant stated he advised PCR counsel that had trial counsel interviewed Cabbell, he was prepared to testify that there was no altercation between Cabbell and defendant that night and that Cabbell was not on Sinnickson Street that night.

Defendant argued that PCR counsel was ineffective by failing to independently investigate, review and raise his claims. He further alleged that he had not received a copy of PCR counsel's or the State's briefs prior to the hearing and thus had no prior knowledge of the evidence or arguments that PCR counsel would be presenting. Defendant also alleged that he was informed by attorney Suzannah Brown that he could raise the issue of ineffective PCR counsel in a second PCR petition if he were not successful on his first petition. Defendant took that "to mean that he would need to file a second PCR only if and when he lost his PCR appeal." Defendant stated he was unaware there was a one-year time limitation to file a second PCR petition and the delayed filing was due to excusable neglect. He argued that enforcement of the time-bar would result in a fundamental injustice.

A-1912-19

Judge Lopez found that defendant's petition was time-barred because: (1) it was not based on a new rule of constitutional law, R. 3:22-12(a)(2)(A); (2) "defendant knew PCR counsel failed to conduct an independent review of his claims over one year before filing his second PCR petition," R. 3:22-12(a)(2)(B); and (3) "defendant's second petition was not filed within one year of the date of the denial of his first PCR on June 13, 2017," R. 3:22-12(a)(2)(C).

As to defendant's claim of excusable neglect, Judge Lopez explained that Rule 1:3-4 precluded enlarging the time limitations specified in Rule 3:22-12 and "are not subject to relaxation" under Rule 1:1-2. In addition, Rule 3:22-12(b) provides that the time limits imposed by the rule "shall not be relaxed, except as provided herein." A second PCR petition must be dismissed pursuant to Rule 3:22-4(b) unless "it is timely under [Rule] 3:22-12(a)(2)" and "it alleges on its face" one of the three grounds enumerated in Rule 3:22-4(b)(2). Relying on State v. Jackson, 454 N.J. Super. 284 (App. Div. 2018), the judge held that "neither excusable neglect nor fundamental injustice permits enlargement of time for filing a second or subsequent PCR petition." This appeal followed.

In this appeal, defendant raises a single point:

> THIS MATTER SHOULD BE REMANDED AS THE PCR COURT'S HOLDING THAT "EXCUSABLE NEGLECT NOR FUNDAMENTAL INJUSTICE PERMITS ENLARGEMENT OF TIME FOR FILING

A-1912-19

A SECOND OR SUBSEQUENT PCR PETITION"
CONTRAVENES CLEARLY ESTABLISHED LAW.

We agree with Judge Lopez that defendant's second PCR petition was time-barred pursuant to Rule 3:22-4(b). The record fully supports her findings that: (1) defendant did not file his petition within one year after the date of the denial of his first PCR petition; (2) "defendant knew PCR counsel failed to conduct an independent review of his claims over one year before filing his second PCR petition"; and (3) the petition was not based on a new rule of constitutional law. See R. 3:22-12(a)(2). Accordingly, the one-year filing deadline imposed by Rule 3:22-12(a)(2) could not be extended by a showing of excusable neglect or that enforcement of the time-bar would result in fundamental injustice. See Jackson, 454 N.J. Super. at 293-94. For these reasons, the petition was properly dismissed without conducting an evidentiary hearing.

Defendant's argument lacks sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1912-19