**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4974-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALBERTO SALAZAR,

    Defendant-Appellant.

_____

Submitted January 13, 2021 – Decided May 12, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 01-03-0349.

Alberto Salazar, appellant pro se.

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alberto Salazar appeals from a May 14, 2019 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth in Judge Michael A. Toto's written opinion. We add only the following brief remarks.

Following a jury trial, defendant was convicted of second-degree reckless manslaughter, N.J.S.A. 2C:11-4(b)(1), first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), and second-degree robbery, N.J.S.A. 2C:15-1. Defendant was sentenced to a thirty-year term of imprisonment without parole. Defendant appealed his conviction, and we affirmed in an unpublished opinion. State v. Salazar, A-6235-03 (App. Div. Feb. 6, 2008) (slip op. at 2). The Supreme Court denied certification. State v. Salazar, 195 N.J. 523 (2008).

In September 2008, defendant filed a petition for PCR, which was denied without an evidentiary hearing. Defendant appealed, and we reversed and remanded for an evidentiary hearing. State v. Salazar, A-2504-11 (App. Div. May 21, 2014) (slip op. at 2). In April 2015, following the hearing on remand, defendant's petition for PCR was again denied. We affirmed that decision in an unpublished opinion. State v. Salazar, A-0058-15 (App. Div. Oct. 6, 2017) (slip op. at 2), and defendant's petition for certification was denied. State v. Salazar, 233 N.J. 214 (2018).

In November 2018, more than three years after the denial of his first PCR petition, defendant filed a second petition. Defendant claimed his PCR counsel was ineffective in failing to present an expert witness to establish an intoxication defense. Defendant also contended that PCR counsel was ineffective for not challenging the indictment on the basis that the prosecutor was related to the victim and, therefore, had a conflict of interest. Finally, defendant averred that PCR counsel was ineffective for refusing to contest the trial judge's decision to deny his application to change venue.

On May 14, 2019, Judge Toto denied defendant's petition after finding that it was time-barred under Rule 3:22-12(a)(2). Notwithstanding, the judge proceeded to assess the merits of defendant's contentions and concluded that he failed to establish a prima facie ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 687 (1984).

On appeal, defendant raises the following argument for our consideration:

> POINT I
>
> THE PCR COURT ERRED BY DISMISSING DEFENDANT'S SECOND PCR PETITION WITHOUT ORAL ARGUMENT, OR ALLOWING HIM AN OPPORTUNITY TO ARGUE EXCEPTIONS TO ANY POTENTIAL PROCEDURAL BARS, AND BY NOT ADDRESSING HIS CLAIMS THAT HIS PCR ATTORNEY AND PCR APPELLATE ATTORNEY WERE INEFFECTIVE FOR FAILING

A-4974-18

TO: (1) INVESTIGATE AND PROVIDE AN EXPERT WITNESS IN ORDER TO ESTABLISH AN INTOXICATION DEFENSE; (2) TO RAISE THE ALLEGED TRIAL COURT ERROR IN THE JURY INSTRUCTION THEREFORE THE ORDER SHOULD BE REVERSED.

Where a PCR judge does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). We need not address defendant's substantive arguments because we agree with Judge Toto that defendant's second petition for PCR is time-barred under Rule 3:22-12(a)(2) and Rule 3:22-4(b).

Rule 3:22-12(a)(2) imposes strict time limits on the filing of a second PCR petition, requiring a defendant to file within one year of the latest of three defined events:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

4

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

In this case, subsection (A) is inapplicable because defendant does not rely on a new constitutional right. Likewise, subsection (B) does not apply because both the toxicology report and defendant's statement to police were available at the time the first PCR petition was filed. Moreover, we agree with Judge Toto that the information regarding the prosecutor – that she was related to the victim – was easily discoverable "through the exercise of reasonable diligence." Even under subsection (C), however, defendant's second PCR petition is untimely because it was filed more than a year after the 2015 dismissal of the first PCR petition.

The time bar under Rule 3:22-12(a)(2) may not be ignored or relaxed. State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018); see also R. 1:3-4(c) ("Neither the parties nor the court may . . . enlarge the time specified by . . . R. 3:22-12 . . . ."). Because defendant's second PCR petition was filed more than three years after the denial of his first petition, the latter was properly denied as untimely. Additionally, since defendant's second PCR petition was time-barred, an evidentiary hearing was not required. See State v. Brewster, 429

A-4974-18

N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4974-18