**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0173-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARL HOLDREN,

     Defendant-Appellant.

_____

Submitted January 18, 2024 – Decided February 6, 2024

Before Judges Accurso and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-09-0125.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Debra Grace Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Carl Holdren appeals from the July 21, 2022 order dismissing his second petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. We disagree and affirm for the reasons expressed in Judge Guadagno's thirty-page, meticulously detailed written opinion of July 21, 2022.

Holdren was convicted by a jury of murder, racketeering, two counts of conspiracy to commit murder, three counts of possession of a weapon for an unlawful purpose, and two counts of attempted murder and sentenced to life in prison plus forty years, subject to ninety-two and one-half years of parole ineligibility. We affirmed Holdren's convictions and sentence, State v. Holdren, A-1056-14 (App. Div. Sept. 1, 2017), and the Supreme Court denied his petition for certification, 232 N.J. 300 (2018).

Holdren's first petition for PCR, alleging ineffective assistance of counsel based on the inadequate investigation of his trial counsel, counsel's failure to adequately consult with Holdren about trial strategy, counsel's failure to call two witnesses who witnessed the shooting, and complaints about his sentence, was denied on October 4, 2019. We affirmed the PCR court's decision in State v. Holdren, A-1388-19 (App. Div. March 24, 2021).

A-0173-22

While Holdren's appeal from the denial of his first PCR was pending, he timely filed his second PCR petition on September 21, 2020. As Judge Guadagno explained, however, the court mistakenly dismissed that petition without prejudice, apparently in the belief that Rule 3:22-6A(2) applied to an appeal of a first PCR petition, which by its terms applies only to direct appeals.

Holdren re-filed his second petition on August 5, 2021, more than ninety days after our judgment affirming the denial of his first petition, and well over a year beyond the trial court's denial of that first petition, making the petition untimely under both Rule 3:22-6A(2), the Rule pursuant to which the court dismissed the petition without prejudice, and Rule 3:22-12(a)(2)(C). See State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (explaining the one-year limitation for second or subsequent petitions in Rule 3:22-12(a)(2)(C) was made non-relaxable by the Supreme Court in Rule 1:3-4(c) in 2009).

Judge Guadagno nevertheless analyzed Holdren's second petition on the merits, noting as he did so that Holdren's claims, although ostensibly directed to the alleged ineffective assistance of his first PCR counsel, were in fact directed to the ineffective assistance of trial and appellate counsel; claims that would ordinarily be procedurally barred on a second petition. See R. 3:22-

3

4(a). Judge Guadagno dismissed Holdren's claims that his first PCR counsel was ineffective in not arguing his trial counsel was ineffective in failing to have argued the trial court erred in its application of aggravating and mitigating factors in imposing sentence, in failing to have objected to specific jury charges, in failing to have presented an exemplar of Holdren's voice to counter the State's evidence of what it asserted was Holdren's voice on wire taps, and in failing to have voir dired the jury to ascertain whether prospective jurors had read any news articles about the case, finding all patently without merit.

Judge Guadagno analyzed each of Holdren's arguments, carefully explaining why none would have established a prima facie case of ineffective assistance entitling Holdren to an evidentiary hearing, see State v. Marshall, 148 N.J. 89, 158 (1992), and that PCR counsel could not be deemed ineffective for failing to have raised unmeritorious arguments, see State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel."). Finally, the judge rejected Holdren's claim that his first PCR counsel was ineffective for failing to have the trial court resentence him in accordance with the Supreme Court's remand,

because the Court did not remand defendant's case for resentencing, but that of his co-defendant Valdo Thompson. See Holdren, 232 N.J. 370 (2018).

Holdren appeals, reprising the arguments he made to the trial court. Having reviewed the record, we agree with Judge Guadagno that none of Holdren's claims has any merit. See R. 2:11-3(e)(2). We have nothing to add to his thorough and thoughtful opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0173-22