# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0036-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARTY D. ROSS,

    Defendant-Appellant.

_____

        Submitted November 5, 2025 – Decided November 13, 2025

        Before Judges Sumners and Chase.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 05-10-2303.

        Marty D. Ross, appellant pro se.

        Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outiero, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marty Ross appeals from a May 30, 2024 order dismissing his second petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

The facts underlying defendant's convictions are detailed at length in our prior unpublished opinions and we do not repeat them here. State v. Ross (Ross I), No. A-4762-06 (App. Div. July 10, 2009), cert. denied, 200 N.J. 505 (Nov. 17, 2009); State v. Ross (Ross II), No. A-6257-09 (App. Div. June 28, 2011), cert. denied, 209 N.J. 231 (Jan. 30, 2012); State v. Ross (Ross III), No. A-3992-14 (App. Div. Dec. 15, 2016). Instead, we summarize key background information for context.

In 2005, defendant abducted a seventeen-year-old girl off the street at knifepoint and took her to a motel room in Neptune where he forced her to smoke crack cocaine and sexually assaulted her on multiple occasions over a prolonged period of time. Ross I, Slip op. at 3.

Following a jury trial, defendant was convicted of first-degree kidnapping, N.J.S.A. 2C:13-1(b); two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); third-degree terroristic

A-0036-24

threats, N.J.S.A. 2C:12-3(b); third-degree criminal restraint, N.J.S.A. 2C:13-2(a); two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3)-(4); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(b)(3); and third-degree distribution of cocaine, N.J.S.A. 2C:35-5(b)(3). Id. at 1-2.

The court granted the State's motion to sentence defendant as a persistent offender pursuant to N.J.S.A. 2C:44-3(a). After appropriate merger of certain counts, the court imposed an aggregate sentence of seventy-years, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Ibid. Because of a flawed jury charge, we vacated the sentence and remanded for the trial court to amend the judgment of conviction and re-sentence defendant to reflect a molded verdict of second-degree kidnapping. Id. at 5. In December 2009, defendant was resentenced to an aggregate sentence of seventy-years subjected to NERA. Ross III at 5. We affirmed the sentence. Ross II.

In 2010, defendant filed his first petition for PCR, however, he dismissed this petition. See R. 3:22-6A(2). Defendant refiled the PCR in May 2013, and

A-0036-24

it was denied as untimely.  See R. 3:22-12(a)(1) and R. 3:22-12(a)(3).  We affirmed.  Ross III.

Defendant then filed a Petition for Habeas Corpus with the District Court. The District Court dismissed the petition as time barred and also denied a certificate of appealability.  Ross v. Johnson, No. 17-3135 (D.N.J. July 24, 2017); Reconsideration denied by Ross v. Johnson, (D.N.J. Nov. 7, 2017); Certif. of Appealability denied by Ross v. Adm'r N.J. State Prison, (3d Cir. N.J., Nov. 20, 2017).  Defendant then filed an amended habeas petition.  Ross v. Johnson, (D.N.J. Jan. 19, 2021).  In 2023, the court issued an opinion that found that defendant's 2017 direct appeal to our Supreme Court did not raise the argument "that the indictment was defective because it omitted the three elements that raise kidnapping from a second to a first-degree crime."  Ross v. Johnson, (D.N.J. June 26, 2023).  After defendant filed a motion, the court entered an order "staying defendant's Petition for a Writ of Habeas Corpus," to allow defendant to exhaust his state court remedy.  Ross v. Johnson, (D.N.J. Dec. 12, 2023).

In January 2024, defendant filed a second petition for PCR to challenge the ineffective assistance of his appellate counsel on direct appeal.  On May 30, 2024, the PCR court dismissed the petition as untimely filed.

A-0036-24

On appeal, defendant raises the following point for our consideration:

> THE LOWER COURT ERRED IN DENYIING [DEFENDANT'S] SECOND PCR PETITION AS UNTIMELY FILED AND MUST BE RVERSED FOR A NEW HEARING.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). "[PCR] provide[s] a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding "the right to the effective assistance of counsel." Nash, 212 N.J. at 541 (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)) (internal quotation marks omitted).

Where a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). "[S]econd or subsequent petition[s] for post-conviction relief shall be dismissed unless . . . [they are] timely under Rule

A-0036-24

3:22-12(a)(2)[.]" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (fourth alteration in original) (quoting R. 3:22-4(b)).

Defendant concedes his second PCR petition did not fall within the exceptions under Rule 3:22-4(b). Rather, he argues the PCR rules "must bend to accommodate violations of those rules in the rare case where fundamental fairness demands it to correct a serious and manifest injustice." We are not persuaded.

Pursuant to Rule 3:22-4(b), "[a] second or subsequent petition for [PCR] shall be dismissed unless" two requirements are met. See State v. Sorensen, 439 N.J. Super. 471, 488 n.6 (App. Div. 2015) ("the words 'must' and 'shall' are generally mandatory"). The first is that the second or subsequent PCR be timely under Rule 3:22-12(a)(2). R. 3:22-4(b)(1).

Rule 3:22-12(a)(2) imposes strict time limits on the filing of a second PCR petition, requiring a defendant to file within one year of the latest of three defined events: the date a new constitutional right is recognized by the United States Supreme Court or our Supreme Court and is retroactive to cases on collateral review; the date the factual predicate for the claim is first discovered, if through reasonable diligence it could not have been discovered earlier; and the date of the denial of a prior PCR petition where it is claimed prior PCR

A-0036-24

counsel was ineffective. R. 3:22-12(a)(2)(A)-(C). Because defendant's first PCR was denied in December 2016, defendant was well-beyond the one-year time limit to file his second PCR in 2024.

Additionally, defendant does not meet any of the grounds under Rule 3:22-12(a)(2). His petition does not rely on a new constitutional right. Further, defendant's PCR allegations of a defect in the indictment could have been discovered earlier and have been waived. See R. 3:10-2(c). Last, he does not maintain that prior PCR counsel was ineffective.

The time bar under Rule 3:22-12(a)(2) may not be ignored or relaxed. Jackson, 454 N.J. Super. at 292-93 (citing Aujero v. Cirelli, 110 N.J. 566, 577 (1988)); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12). Indeed, Rule 3:22-4(b) requires the dismissal of a second PCR petition if untimely as defined under Rule 3:22-12(a)(2).

Since defendant's second PCR petition was properly time barred, an evidentiary hearing on his application was not required. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be

7

A-0036-24

granted." (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0036-24