**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1558-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HUMPHREY COHEN,

    Defendant-Appellant.

_____

> Submitted April 1, 2025 – Decided June 17, 2025
>
> Before Judges Susswein and Bergman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 83-03-1433.
>
> Humphrey Cohen, appellant pro se.
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Humphrey Cohen appeals from a trial court order denying his petition for post-conviction relief (PCR) without a hearing. He asserts the

instructions provided to the jury were improper and the PCR court committed error in denying his application as untimely. We disagree and affirm.

## I.

We briefly reiterate the underlying facts and procedural history taken from our opinion in defendant's most recent appeal. State v. Cohen, No. A-1890-22 (App. Div. Mar. 27, 2024) (slip op. at 1-3) (Cohen IV). On January 26, 1983, defendant and his co-defendants confronted Otha Thompson as he crossed the street. Defendant kicked Thompson, knocked him to the ground, and fired a bullet into his chest. Defendant shot Thompson a second time and he and his accomplices took Thompson's wallet before fleeing. They later divided up the money from Thompson's wallet. Thompson was subsequently taken to a hospital where he was pronounced dead. Defendant was arrested and confessed to shooting Thompson during the robbery.

Defendant was found guilty of felony murder, N.J.S.A. 2C:11-3(a)(3) (count one); purposeful and knowing murder, N.J.S.A. 2C:11-3(a)(1)(2) (count two); first-degree robbery, N.J.S.A. 2C:15-1(count three); and unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count four). State v. Cohen, 211 N.J. Super. 544, 547 (App. Div. 1986) (Cohen I). Defendant was sentenced to life imprisonment with thirty years of parole ineligibility on count two and

2

fifteen years with seven years and six months of parole ineligibility on count three. Ibid. The sentences were to run consecutively for an aggregate sentence of life in prison with thirty-seven years and six months of parole ineligibility. Ibid. The felony murder charge was merged with the purposeful and knowing murder charge for sentencing purposes. Ibid. Defendant's conviction for unlawful possession of a weapon was merged with his first-degree robbery conviction. Ibid.

We affirmed defendant's sentence and conviction on direct appeal. Id. at 554. After his convictions, defendant filed eight PCR petitions, all of which were denied by the trial court and affirmed on appeal. The Supreme Court denied certification as to all eight petitions. Defendant petitioned the Supreme Court of the United States for a writ of certiorari as to one of his petitions, which the Court denied. Cohen v. New Jersey, 565 U.S. 1238 (2012).

We also affirmed the denials of three motions to correct an illegal sentence filed by defendant. State v. Cohen, No. A-2599-16 (App. Div. Mar. 9, 2018) (slip op. at 3) (Cohen II); State v. Cohen, No. A-0832-19 (App. Div. Feb. 4, 2021) (slip op. at 1) (Cohen III); and Cohen IV, (slip op. at 1). Defendant's federal habeas corpus petition was also denied. Cohen v. Morton, No. 94-3257, 2014 U.S. Dist. LEXIS 56149 (D.N.J. Apr. 17, 2014).

A-1558-23

This appeal concerns the denial of defendant's ninth PCR petition in December 2024. The trial court's order found "[defendant's] request for construction and relaxation of New Jersey Court [Rules] 3:22-4; 3:22-5; and 3:22-12; pursuant to [Rule] 1:1-2 is hereby DENIED []" and "[d]efendant's challenge[s] to his 1984 convictions were fully litigated during [] defendant's previous appeals and eight post-conviction relief applications." The PCR court also adopted and incorporated the prior trial court's decision denying defendant's third motion to correct an illegal sentence in December 2022 which we subsequently affirmed in Cohen IV.

Defendant appeals the PCR court's order asserting:

> POINT I
> THE POST CONVICTION RELIEF COURT COMMITTED ERROR WHEN IT DID NOT ADDRESS APPELLANT'S CLAIM THAT THE PROCEDURAL BARS MUST BE LIFTED TO DETERMINE WHETHER HIS CLAIMS HAVE MERIT IN SHOWING THAT A SERIOUS, PERVASIVE DEFECT EXISTS IN THE JURY CHARGE.

> POINT II
> THE PCR COURT DID NOT ADDRESS THE MERIT OF APPELLANT'S ARGUMENT WHICH SHOWS, THOUGH COUNSEL HAD PRESENTED TWO DIFFERENT DEFENSES TO JUSTIFY THE MURDER OFFENSE BEING REDUCED TO EITHER AGGRAVATED MANSLAUGHTER OR MANSLAUGHTER, BOTH DEFENSES WERE

4

UNDERMINED WHEN THE JURY RECEIVED DEFECTIVE INSTRUCTIONS WHEN IT WAS NOT TOLD: IT IS THE BURDEN OF THE STATE TO PROVE BEYOND A REASONABLE DOUBT DEFENDANT'S DEFENSE[S] DOES NOT WARRANT THE MURDER OFFENSE BEING REDUCED TO EITHER AGGRAVATED MANSLAUGHTER OR MANSLAUGHTER.

POINT III
THE PCR COURT DID NOT ADDRESS THE MERIT OF APPELLANT'S ARGUMENT WHICH SHOWS, THOUGH APPELLANT HAD PRESENTED A DEFENSE OF VOLUNTARY INTOXICATION TO JUSTIFY THE MURDER OFFENSE BEING REDUCED TO EITHER AGGRAVATED MANSLAUGHTER OR MANSLAUGHTER, THE JURY RECEIVED DEFECTIVE INSTRUCTIONS WHEN IT WAS NOT INSTRUCTED THAT IT IS THE BURDEN OF THE STATE TO PROVE BEYOND A REASONABLE DOUBT DEFENDANT'S EVIDENCE OF VOLUNTARY INTOXICATION DOES NOT WARRANT THE MURDER OFFENSE BEING REDUCED TO EITHER AGGRAVATED MANSLAUGHTER OR MANSLAUGHTER.

POINT IV
THE PCR COURT DID NOT ADDRESS APPELLANT'S CLAIM THAT HIS STATE AND U.S CONSTITUTIONAL RIGHTS TO PRESENT A DEFENSE TO REDUCE/MITIGATE FELONY MURDER TO MANSLAUGHTER WERE VIOLATED DUE TO THE ABSENCE OF A JURY CHARGE TO CONVEY TO THE JURY THAT EVIDENCE OF VOLUNTARY INTOXICATION HAS BEEN INTRODUCED BY DEFENDANT TO ACQUIT HIM OF ROBBERY FOR THE PURPOSE

5

OF REDUCING FELONY MURDER TO MANSLAUGHTER.

## II.

As the PCR court did not hold an evidentiary hearing on the claims defendant now raises on appeal, we "conduct a de novo review." State v. Harris, 181 N.J. 391, 421 (2004). The time limits of Rule 3:22-12(a)(2) with regard to a petition for post-conviction relief cannot be relaxed by invoking Rule 1:1-2 or Rule 3:22-12(a)(1), because our Supreme Court in 2009 and 2010 amended Rule 1:3-4, Rule 3:22-4(b), and Rule 3:22-12 to preclude enlargement or relaxation. State v. Jackson, 454 N.J. Super. 284, 287 (App. Div. 2018).

Rule 3:22-4(b) states in relevant part that "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: it is timely under Rule 3:22-12(a)(2).

Rule 3:22-12(a)(2) provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence[.]

[Id. at 291; see R. 3:22-4(b)(2).]

We concur with the PCR court that defendant's petition is time-barred. Defendant's ninth PCR petition was not timely filed under Rule 3:22-12(a)(2) because he does not meet any of the three exceptions at Rule 3:22-12(a)(2)(A-C).

Defendant does not claim any newly recognized constitutional right as required by Rule 3:22-12(a)(2)(A). Defendant also failed to meet the waiver requirement of Rule 3:22-12(a)(2)(B) because the intoxication issue defendant now argues was raised and adjudicated in both a prior motion and appeal. We previously concluded "defendant's assertions [related to the jury instructions on intoxication] were without sufficient merit to warrant discussion in a written opinion. State v. Cohen, No. A-2208-04 (App. Div. June 29, 2006) (slip opinion at 6-7). We further concluded:

the evidence in the record of defendant's claimed intoxication does not rise to the level that the Court addressed in [State v.] Warren, [104 N.J. 571(1986)]. Unlike Warren, in which evidence of defendant's intoxication, from multiple witnesses, supported the argument that he was not capable of forming the intent required for the purposeful or knowing offense, this

7

defendant's evidence, at most, suggested that he might have been drinking at some point prior to the crime. Even so, the trial judge gave the charge relating to intoxication and adequately explained its relevance both to the purposeful and knowing crimes and to the lesser included manslaughter offenses. Nothing in this record supports defendant's claim of an error in the charge of constitutional dimension.

[Id. at 9].

The factual predicate for defendant's newly minted claim of erroneous jury instructions was apparent over nineteen years ago, was clearly discoverable at that time and, therefore, does not meet the requirements of the rule and is clearly barred. So too defendant's petition is also barred because the intoxication issue was previously adjudicated. See R. 3:22-5. (stating a prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceedings . . .).

To the extent we have not specifically addressed any of defendant's remaining legal arguments, we conclude they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1558-23