**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0501-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMELL D. SCOTT, a/k/a
JAMAL D. SCOTT,

      Defendant-Appellant.

_____

Submitted May 29, 2025 – Decided July 21, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County and Monmouth County, Indictment No. 06-05-0869.

Jamell D. Scott, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jamell D. Scott appeals from the June 27, 2023 order denying his fourth petition for post-conviction relief (PCR). Because defendant failed to file this PCR petition in a timely manner as required under Rule 3:22-12(a)(2), we affirm.

In 2008, defendant was found guilty by a jury of first-degree murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:2-6; and conspiracy to commit murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-2. After merger of the charges, defendant was sentenced to life in prison subject to the No Early Release Act, N.J.S.A 2C:43-7.2(a). We affirmed defendant's convictions and sentence. State v. Scott, Nos. A-3455-08, A-4794-08, A-4841-08 (App. Div. Apr. 20, 2012) (slip op. at 7-8, 47); State v. Scott, Nos. A-2580-09, A-4100-09, A-4101-09, A-6279-09 (App. Div. Apr. 16, 2013) (slip op. at 119).

Defendant filed his first petition for PCR alleging ineffective assistance of counsel in 2013. The PCR court denied the petition in 2016. We affirmed. State v. Scott, Nos. A-4765-15, A-0422-16, A-0531-16 (App. Div. Aug. 14, 2019) (slip op. at 35).

Defendant's second PCR petition was denied by the PCR court in 2020 as time barred. Defendant did not appeal from the order. In 2022, the PCR court denied defendant's third petition as time barred. Defendant did not appeal.

2

Defendant filed a fourth PCR petition in June 2023, asserting the arrest warrant and affidavit were defective because they were "not sign[ed] . . . under oath in the presence of the deputy court clerk."  In its June 27, 2023 order, the PCR court denied the petition, stating:  "[D]efendant's fourth petition for post-conviction relief is out of time pursuant to Rule 3:22-12(a)(2), which requires a second or subsequent petition for post-conviction relief to be filed within one year after the denial of the first petition for post-conviction relief."

Defendant presents this sole point for our consideration:

> POST-CONVICTION JUDGE HONORABLE JOSEPH W. OXLEY ABUSED HIS DISCRETION BY TIME BARRING THE PETITIONER PURSUANT TO [RULE] 3:22-12([a])(2), AND FAILING TO CONDUCT AN EVIDENTIARY HEARING.  THIS VIOLATES THE DEFENDANT'S FOURTH & FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION, AND NEW JERSEY CONSTITUTION ARTICLE I. PARAGRAPH 7.5

We review the legal conclusions of a PCR judge de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  Under Rule 3:22-12(a)(2)(B) to (C), a second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the courts, "the date on which the factual predicate for the relief sought was discovered," or "the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of

A-0501-23

counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged." A subsequent PCR petition must be dismissed unless it complies with Rule 3:22-12(a)(2), and pleads, on its face, one of the three criteria under Rule 3:22-12(a)(2). R. 3:22-4(b).

The time bar imposed in these court rules may not be relaxed except as provided under Rule 3:22-12(a)(2). R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018). Rule 1:3-4(c) also specifically states that "[n]either the parties nor the court may, . . . enlarge the time specified" for the filing of PCR petitions under Rule 3:22-12.

We are satisfied that defendant's PCR petition is untimely under Rules 3:22-12(a)(2) and 3:22-4(b). The first petition for PCR was denied on April 29, 2016. Defendant's fourth petition for PCR was filed on June 6, 2023, seven years later.

Under Rule 3:22-12(a)(2)(C), defendant's fourth PCR petition is time barred because it was filed after the one-year limit. Further, the petition does not meet Rule 3:22-12(a)(2)(A) or (B) because it does not rely on a newly recognized constitutional right, or a factual predicate that could not have been discovered earlier through reasonable diligence.

Therefore, the PCR court properly barred defendant's fourth PCR petition as untimely.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-0501-23