**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2912-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAMON D. RUIZ-PEREZ,
a/k/a RAMON PEREZ,
PEREZ RAMON,
RAMIN RUIZPEREZ,
RAMON RUIZ-PEREZ,
RAMON RUIZ, RAMON
D. PEREZ and RAMON D.
RUIZ,

     Defendant-Appellant.

_____

> Submitted September 16, 2025 – Decided September 30, 2025
>
> Before Judges DeAlmeida and Torregrossa-O'Connor.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 13-01-0043.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ramon Ruiz-Perez appeals from the March 27, 2024 Law Division order dismissing his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

Defendant's convictions arose from a June 13, 2012 gunpoint robbery of a gas station in Dennis Township by three men. Two employees of the gas station were present. One victim was hit on the head with a gun by an assailant. The robbers left with cash and a laptop stolen from the station. Video surveillance recordings confirmed the robbery had occurred but were not clear enough to identify the perpetrators.

Shortly after the robbery, police officers applied for a search warrant in an unrelated drug investigation in Woodbine. They believed the robbery suspects were tied to the narcotics investigation. In a written plan for executing the warrant an officer stated "[i]t was possible that the execution of the search warrant today will reveal info[rmation] related to the robbery."

During the search, officers found and seized a laptop of the kind stolen from the gas station. They then obtained a communications data warrant to search the contents of the laptop. The search revealed photographs on the laptop of the gas station attendant, corroborating it was the device stolen during the robbery.

Defendant and his codefendants were charged in a nine-count Cape May County indictment with various offenses relating to the robbery. Relevant here, defendant was charged with: (1) first-degree robbery, N.J.S.A. 2C:15-1(a)(1); (2) second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); (3) second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); (4) second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); (5) third-degree theft, N.J.S.A. 2C:20-3; (6) second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and :15-1(a)(1); and (7) second-degree possession of a weapon by a certain person, N.J.S.A. 2C:39-7.

Defendant moved to suppress the laptop. The court denied the motion, finding the evidence was within the scope of the warrant and its discovery would in any event have satisfied the plain view exception to the Fourth Amendment.

At trial, a bifurcated jury convicted defendant of all charges other than the certain persons charge, which the court later dismissed on the State's motion.

A-2912-23

The court, having granted the State's motion to sentence defendant as a persistent offender, imposed an extended thirty-five-year term of imprisonment on the robbery conviction and a concurrent extended fifteen-year term of imprisonment on the weapons convictions. The remaining charges were merged into the robbery conviction.

On direct appeal, we affirmed defendant's convictions but remanded for resentencing. State v. Ruiz-Perez, No. A-2903-14 (App. Div. Mar. 10, 2017). We rejected defendant's arguments that: (1) the search warrant was not sufficient to permit seizure of the laptop; (2) the trial court erred when it admitted a victim's out-of-court statement to an investigating officer shortly after the robbery; (3) a police detective's reference during his testimony to information he obtained from a confidential informant should have been stricken as hearsay; (4) "other crimes" evidence was admitted in violation of N.J.R.E. 404(b); (5) the trial court should have sua sponte declared a mistrial when an officer mentioned during his testimony defendant's attempt to elude arrest; (6) the trial court should have conducted a hearing after a juror expressed misgivings about his guilty vote; and (7) the verdict was against the weight of the evidence.

We affirmed the thirty-five-year sentence imposed on the robbery conviction. However, we agreed with defendant's argument that the imposition of a second extended sentence on the weapons convictions was illegal. We remanded for resentencing. The Supreme Court denied defendant's petition for certification. State v. Ruiz-Perez, 231 N.J. 119 (2017).

On remand, the court sentenced defendant to a ten-year term of imprisonment with a five-year period of parole ineligibility on the weapons convictions to be served concurrently with the sentence on the robbery conviction. We subsequently affirmed the sentence imposed on remand but remanded a second time for entry of a corrected judgment of conviction regarding service credits and fines. State v. Ruiz-Perez, No. A-0858-17 (App. Div. Mar. 20, 2018). The Supreme Court denied defendant's petition for certification. State v. Ruiz-Perez, 235 N.J. 346 (2018).

In November 2018, defendant filed his first PCR petition. He raised five points in his self-represented submission:

> POINT I
>
> THE INSTANT PETITION FOR [PCR] IS TIMELY AND COMPORTS WITH THE FIVE[-]YEAR PERIOD OF LIMITATIONS.

POINT II

THE PETITIONER'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND NEW JERSEY CONSTITUTION WAS VIOLATED BY THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON THE RELIABILITY FACTORS IT SHOULD HAVE CONSIDERED WHEN ASSESSING THE TRUSTWORTHINESS OF THE OUT[-]OF[-]COURT STATEMENTS THAT DIRECTLY IMPLICATED THE PETITIONER.

POINT III

PETITIONER'S CONVICTION WAS SECURED IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AT TRIAL, ON HIS DIRECT APPEAL TO THE APPELLATE DIVISION, AND ON HIS CERTIFICATION TO THE NEW JERSEY SUPREME COURT.

POINT IV

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.

POINT V

PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS [PCR] CLAIMS.[1]

---

[1] Defendant filed a PCR petition raising the same points while his direct appeal was pending. The court dismissed that petition without prejudice to refiling when defendant's direct appeal was completed.

6

In a subsequent written submission, defendant's first PCR counsel focused on the allegations of ineffective assistance of trial and appellate counsel for failing to investigate defendant's mental health history, failing to conduct a forensic investigation of the laptop, and failing to argue for mitigating factors at sentencing.

On March 4, 2020, the first PCR court issued a written decision denying defendant's petition without an evidentiary hearing. The court found defendant's trial counsel was not notified of defendant's mental health concerns during trial and, as a result, did not have a duty to investigate those concerns. In addition, the court concluded defendant did not raise a separate argument with respect to the effectiveness of his appellate counsel and the record did not support defendant's claim his trial counsel failed to argue for the application of mitigating factors at sentencing. The court found that at sentencing defendant's counsel noted his client's mental health concerns, about which he learned after trial, but conceded they "were not a factor" at sentencing.[2] A March 4, 2020 order memorialized the first PCR court's decision.

---

[2] The first PCR court found the other claims raised in defendant's first PCR petition had been addressed during trial, were not supported by the precedents defendant cited, or were decided on defendant's direct appeal.

A-2912-23

We affirmed the order denying defendant's first petition. State v. Ruiz-Perez, No. A-1803-20 (App. Div. May 3, 2023). The Supreme Court denied defendant's petition for certification. State v. Ruiz-Perez, 255 N.J. 406 (2023).

On May 24, 2023, defendant filed a second PCR petition. He raised the following arguments in a self-represented submission: (1) PCR counsel was constitutionally ineffective because she failed to have petitioner evaluated for a diminished capacity defense; and (2) PCR counsel was ineffective because she failed to review, correct, and file petitioner's self-represented certification in support of PCR wherein petitioner argued he was denied effective assistance of trial and appellate counsel.

Defendant claimed his first PCR counsel should have argued trial counsel failed to: (1) inform him he was extended-term eligible, which resulted in defendant rejecting a plea offer of a five-year term with a eighty-five-percent period of parole ineligibility; (2) engage a forensic expert to review the surveillance recordings and laptop; (3) compel the appearance at trial of the two gas station employees; and (4) effectively argue mitigating factors at sentencing. He also alleged his counsel on his direct appeal and first PCR counsel were ineffective for failing to argue the trial court did not properly charge the jury with respect to two of the State's witnesses testifying at trial in exchange for

promises of leniency. Assigned counsel filed a supplemental brief expanding on defendant's arguments.[3]

On March 24, 2024, the second PCR court issued a written decision denying the petition without an evidentiary hearing. The court found that all of defendant's claims, except for his claim of ineffective assistance of first appellate PCR counsel, were time-barred. In addition, the court found that many of the claims asserted in defendant's second PCR petition were addressed either in the direct appeal, first PCR petition, or the first PCR appeal. Finally, the second PCR court found defendant's first appellate PCR counsel was not ineffective because the issue of witness bias was addressed in both defendant's direct appeal and first PCR petition and found to be meritless. The court concluded defendant's first appellate PCR counsel was not obligated to raise a meritless claim. The court determined an evidentiary hearing was not necessary given the absence of a prima facie case of ineffective assistance of counsel.

A March 26, 2024 order memorialized the second PCR court's decision. This appeal followed.

Defendant raises the following arguments.

---

[3] Defendant originally filed his second petition on February 16, 2023, while his appeal after resentencing was pending. The court dismissed the second petition without prejudice to refiling after the appeal was completed.

POINT I

FIRST PCR COUNSEL FAILED TO ABIDE BY THE REQUIREMENTS OF RULE 3:22-6(d). NOTWITHSTANDING THE UNTIMELY FILING OF DEFENDANT'S [SECOND] PCR [PETITION], DEFENDANT IS ENTITLED TO A NEW FIRST PCR HEARING.

POINT II

ALTERNATIVELY, THE PCR COURT ERRED IN DENYING DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL ON THE BASIS THAT DEFENDANT'S SECOND PETITION WAS UNTIMELY.

II.

We review de novo the trial court's legal conclusion that defendant's second PCR petition is barred by Rule 3:22-4 and Rule 3:22-12(a)(2). State v. Harris, 181 N.J. 391, 419 (2004). "We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023).

Rule 3:22-4(b) provides, in relevant part:

A second or subsequent petition for post-conviction relief shall be dismissed unless:

(1)    it is timely under R. 3:22-12(a)(2); and

(2)    it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on

11

the first or subsequent application for post-conviction relief is being alleged.

"These time limitations shall not be relaxed, except as provided herein." <u>R.</u> 3:22-12(b).

Defendant does not allege he is entitled to relief based on a newly recognized constitutional right. His second petition, therefore, does not fall within subsection (A) of the rules. Nor does defendant allege that his second petition is based on facts he recently discovered. His second petition, therefore, does not fall within subsection (B) of the rules.

Defendant's second petition alleges he was denied the effective assistance of counsel with respect to his first PCR petition and PCR appeal. Subsection (C) of the rules requires that a second petition alleging such claims must be filed no more than a year after the date of the denial of the first petition. The one-year period begins on the day that the first petition was denied by the trial court. <u>See</u> <u>State v. Jackson</u>, 454 N.J. Super. 284, 292 (App. Div. 2018) (beginning calculation of one-year period on the day that first PCR petition was denied, even though the defendant filed an appeal with this court and subsequently filed a petition for certification with the Supreme Court).

Defendant's first petition was denied on March 4, 2020. He did not file his second petition until February 16, 2023, almost three years later.[4]

Defendant recognizes his second petition was untimely. He argues the filing period should be relaxed to permit his late petition because his first PCR counsel did not raise in counsel's written submission several arguments defendant included in his self-represented certification. He argues the omission violated Rule 3:22-6(d) ("If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition . . . or incorporate them by reference."). Defendant argues that if the time bar is applied to his second petition his claim of ineffective assistance of first PCR counsel will never be fully developed and adjudicated, resulting in a fundamental injustice to him.

We, however, may not relax the time limit for filing a second PCR petition. Jackson, 454 N.J. Super. at 292. Unlike Rule 3:22-12(a)(1)(A), which applies to the filing deadline for a first PCR petition, Rule 3:22-12(a)(2) does not allow relief from the mandatory time bar based on fundamental injustice.

---

[4] Because defendant's second PCR petition filed on February 16, 2023, was dismissed without prejudice to refiling after his pending appeal was completed, we consider the filing date of the petition filed on March 24, 2023, as February 16, 2023.

See Id. at 293-94. Defendant must bear the consequences of his failure to file his second PCR petition until almost two years after expiration of the limitations period for doing so.

In support of his argument defendant also cites State v. Hannah, 248 N.J. 148 (2021), where the Court permitted consideration in a second PCR petition of a claim of ineffective assistance of counsel that could have been, but was not, raised in the defendant's first PCR petition. The second petition was based on newly discovered evidence of third-party guilt that was first revealed to the defendant more than a decade after his conviction. Id. at 155, 168. The second PCR court found the evidence was not newly discovered because defendant's counsel was aware of the evidence at the time of trial. Id. at 176-77. The second PCR court "touched on" the question of whether defendant's trial counsel was ineffective for not introducing the evidence at trial, concluding he was not because the new evidence did not contain "new information" likely to change the outcome of the trial. Id. at 177. We affirmed the second PCR court's decision. Id. 171-72.

The Supreme Court, after accepting the second PCR court's finding that defendant's counsel was in possession of the evidence at the time of trial, id. at 176-77, turned to the question of whether defendant's ineffective assistance of

counsel claim in his second petition was barred under <u>Rule</u> 3:22-4(a). <u>Id.</u> at 177. That <u>Rule</u> precludes consideration of any claim in a PCR petition that could have been raised in a prior PCR petition. Because Hannah's trial counsel was in possession of the evidence at the time of trial, Hannah could have raised in his first petition a claim of ineffective assistance of counsel for his failure to use that evidence at trial.

The Court, citing <u>Rule</u> 3:22-4(b), found that barring consideration of Hannah's ineffective assistance of counsel claim in his second petition because of the prior adjudication would constitute a "fundamental injustice." Thus, the Court held that "<u>Rule</u> 3:22-4 permitted judicial review to correct a fundamental injustice or to provide relief for a claim of constitutionally ineffective counsel." <u>Id.</u> at 178 (footnote omitted).[5]

The holding in <u>Hannah</u> does not apply here. <u>Hannah</u> concerned the procedural bar to a defendant raising a claim in a PCR petition that could have been raised in a prior petition. <u>Id.</u> at 178 (citing <u>Rule</u> 3:22-4(a)). The Court stated that <u>Rule</u> does not require a PCR court to ignore a fundamental unfairness

---

[5] The <u>Hannah</u> Court applied the version of <u>Rule</u> 3:22-4 in effect at the time of the defendant's first and second PCR petitions. The <u>Rule</u> was revised in 2010 and now specifically states that the denial of the effective assistance of counsel may constitute a fundamental injustice.

by strictly applying a procedural bar to hearing a claim. Ibid. The Court did not discuss the strict time bar imposed under Rule 3:22-12(a)(2), or our decision interpreting that Rule. See Jackson 454 N.J. Super. at 292.

In addition, Hannah concerned evidence about which Hannah was previously unaware and that he argued might have changed the outcome of his trial if it had been presented to the jury. Here, defendant does not claim newly discovered evidence would likely have changed the outcome of his trial. He argues his first PCR counsel was ineffective for referring to, but not fully incorporating, arguments defendant, but not trial counsel, believed would be persuasive. Defendant had ample opportunity to file a timely second PCR petition alleging his first PCR counsel was ineffective. His failure to do so is not explained in the record and, in light of the holding in Jackson, precludes consideration of his second PCR petition.[6]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[6] Defendant's brief does not address the second PCR court's conclusion that defendant did not establish his first appellate PCR counsel was ineffective. We therefore deem any argument with respect to that claim waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026); Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

A-2912-23