**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1533-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CATELIN D. HICHOS, n/k/a
CATELIN D. PEREZ-
CARSTARPHEN,

    Defendant-Appellant.

_____

Submitted December 11, 2025 – Decided February 20, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-11-1425.

Catelin D. Perez-Carstarphen, self-represented appellant.

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Josemiguel DeJesus Rodriguez, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Catelin D. Hichos, now known as Catelin D. Perez-Carstarphen, appeals from the October 11, 2024 Law Division order denying her second petition for post-conviction relief (PCR).  We affirm.

I.

As a result of the stabbing death of her boyfriend, Kevin Argueta, defendant was charged with:  first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(1). The facts and circumstances giving rise to the charges are detailed in our prior opinion affirming the denial of defendant's first petition for PCR, State v. Hichos, No. A-0635-22 (App. Div. Dec. 26, 2023) (slip op. at 2-7), and need not be repeated here.  Pursuant to a negotiated agreement, defendant pleaded guilty to aggravated manslaughter in exchange for the State's recommendation of a fifteen-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissal of the remaining charges.  Defense counsel reserved the right to argue for a ten-year sentence.

Defense counsel's sentencing memorandum detailed defendant's childhood sexual abuse by her uncle, who later pleaded guilty to first-degree

2

aggravated sexual assault.  Id. at 4.  The memorandum also explained defendant survived domestic violence perpetrated by her ex-husband, who was charged with aggravated assault, weapons offenses, and terroristic threats for an incident in which he held a knife to her throat while "she lay helplessly on the floor." Ibid.

During the sentencing hearing, defense counsel argued defendant suffered from anxiety, depression, and post-traumatic stress disorder because of these incidents.  Id. at 5.  He further contended "the incident with Argueta was the latest in a series of abuse she suffered at the hands of men."  Ibid.  Counsel emphasized the bruising on defendant's body, which evidenced rough but consensual sexual intercourse with Argueta.  Ibid.  Although defendant did not claim she acted in self-defense, "counsel argued the only way to reconcile [her] otherwise peaceful, law-abiding life with Argueta's stabbing was for the court to conclude defendant 'snap[ped]' when she killed Argueta."  Ibid. (second alteration in original).

Pursuant to N.J.S.A. 2C:44-1(b), defense counsel requested the sentencing court find mitigating factors three (the defendant acted under a strong provocation), four (there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense), five (the victim

3

of the defendant's conduct induced or facilitated its commission), seven (the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense), eight (the defendant's conduct was the result of circumstances unlikely to recur), nine (the character and attitude of the defendant indicate that the defendant is unlikely to commit another offense), and ten (the defendant is particularly likely to respond affirmatively to probationary treatment). Pursuant to N.J.S.A. 2C:44-1(a), defense counsel conceded aggravating factor nine (the need for deterring the defendant and others from violating the law), and stated defendant was remorseful.

In imposing sentence:

> The judge acknowledged there was "no doubt" defendant "had a difficult upbringing" and had been abused by her uncle and ex-husband, "[b]ut that's not what happened here." Defendant assigned blame to Argueta and her remorse did not seem genuine. He emphasized, "[s]imply to say I'm sorry is not remorseful. There has to be a deep appreciation for the wrongfulness of one's conduct to be remorseful." The judge found aggravating factors one and nine "preponderate in weight over" mitigating factor seven, and sentenced defendant in accordance with the State's request for fifteen years' imprisonment subject to NERA and five years of parole supervision.
>
> [Hichos, slip op. at 6-7 (alterations in original).]

Defendant's first PCR petition alleged trial counsel was ineffective for not seeking mitigating factor twelve (the willingness of the defendant to cooperate with law enforcement authorities), based on defendant's cooperation with law enforcement by confessing to the crime. Her counseled brief alleged trial counsel "'was ineffective for failing to provide the court with an expert opinion regarding defendant's medical condition in support of mitigating factors[]' three, four, eight, and nine." Id. at 7 (alteration in original). The petition was denied without an evidentiary hearing on September 15, 2022. Following our affirmance, the Supreme Court denied defendant's petition for certification. State v. Hichos, 256 N.J. 434 (2024).

Defendant filed a second PCR petition, dated July 3, 2024, alleging ineffective assistance of trial, appellate, and PCR counsel.[1] Defendant claimed her trial counsel was ineffective for failing to: have a condom found on the scene tested to exclude her DNA; mention and investigate that Argueta assaulted a woman in 2014; object to the court's insertion of personal statements during sentencing; refer to the probation officer's comments regarding remorse on her

---

[1] Since defendant did not file a direct appeal of her conviction and sentence, it appears "appellate counsel" refers to her first PCR appellate counsel.

presentence report; and submit any evidence in support of mitigating factors four and twelve.

Defendant contended both trial counsel and PCR counsel were ineffective for failing to: object to the sentencing court's conclusion that "it was clear the sex was consensual and after it ended, [defendant] took [the] victim's phone, became angry, and stabbed him"; investigate bruises on her body she referenced in the presentence report; and have an expert opine on her injuries. She alleged PCR counsel was ineffective for failing to inform her she could file a second petition for PCR while her first petition was pending certification to the New Jersey Supreme Court.

On October 11, 2024, the PCR court denied defendant's second petition, finding it was procedurally barred as out of time under Rule 3:22-4 and did not allege a new substantial issue of fact or law. The court further noted that, had the petition been timely, it nevertheless did "not meet any of the exceptions to the rule barring . . . subsequent PCR petitions set forth in Rule 3:22-4(b)." The court explained "[t]here is no new constitutional right asserted. There are no new facts for her ineffective assistance of counsel claim." Defendant's claim of ineffective assistance of appellate PCR counsel was also dismissed for failing to "meet the substantive requirements . . . for the [c]ourt to hear [her] claims."

A-1533-24

On appeal, defendant raises the following substantive issues for our consideration:

POINT I
THE TRIAL COURT ERRED IN DENYING. . . DEFENDANT'S PETITION FOR SECOND [PCR] WITHOUT AFFORDING HER AN EVIDENTIARY HEARING TO FULLY ADDRESS HER CONTENTION THAT SHE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE SENTENCING AND FIRST [PCR] LEVEL DUE TO RULE 3:22-4(a)(2), (A), (B), (C).

POINT II
THE TRIAL COURT ERRED IN DENYING . . . DEFENDANT'S PETITION ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-4 and 3:22-12.

POINT III
[DEFENDANT]'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL PRE-PLEA, PLEA, SENTENCING AND FIRST [PCR] AND ON APPEAL ARE PROPERLY COGNIZABLE IN A SECOND [PCR] PROCEEDING.

POINT IV
[DEFENDANT]'S CLAIMS ARE NOT PROCEDURALLY BARRED UNDER COURT RULE 3:22-5.

POINT V
THE [PCR] PETITION IS NOT TIME-BARRED UNDER RULE 3:22-12.

7

POINT VI
GIVEN THE NATURE OF THE COGNIZABLE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, . . . DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT VII
TRIAL COUNSEL'S FAILURE TO FILE A RULE 3:21-1 NOTICE OF JUSTIFICATION DEFENSE AND THEN TO BUTTRESS THAT DEFENSE WITH EVIDENCE OF A BATTERED WOMEN'S SYNDROME DEFENSE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF THE STRICKLAND TEST.

POINT VIII
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT THAT THE TRIAL COURT ERRED IN IMPOSING SENTENCE BY IMPROPERLY WEIGHING THE MITIGATING AND AGGRAVATING FACTOR[S].

## II.

Because the petition was denied without an evidentiary hearing, we review the order de novo. State v. Harris, 181 N.J. 391, 421 (2004). We review the decision to deny the petition without an evidentiary hearing for an abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our

Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 349-50 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Because the Constitution requires "reasonably effective assistance," an attorney's performance may not be attacked unless it was not "'within the range of competence demanded of attorneys in criminal cases'" and instead "fell below an objective standard of reasonableness." Id. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

9

Under the second <u>Strickland</u> prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>State v. Gideon</u>, 244 N.J. 538, 551 (2021) (quoting <u>Strickland</u>, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Ibid.</u> (quoting <u>Strickland</u>, 466 U.S. at 694).

Pursuant to <u>Rule</u> 3:22-4(b), a second or subsequent petition for PCR is barred unless:

> (1)    it is timely under <u>R[ule]</u> 3:22-12(a)(2); and
>
> (2)    it alleges on its face either:
>
> (A)   that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B)   that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C)   that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

Rule 3:22-12(a)(2) provides:

> [N]o second or subsequent petition shall be filed more than one year after the latest of:
>
> (A)   the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B)   the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C)   the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The strict time bar imposed in these court rules may not be ignored or relaxed. State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018).

As the PCR court determined, there is no question defendant's second petition was time-barred. Her first PCR petition was denied on September 15, 2022, and her second petition was not filed until July 2024, over eighteen

months later.[2]  Given the one-year time constraint imposed on subsequent PCR petitions, defendant's second petition is out of time.

In addition to being untimely, defendant's petition sought relief outside the permissible grounds enumerated in Rule 3:22-4(b)(2).  Her contentions against trial counsel were not based on a new retroactive rule of constitutional law or new information.  And even if her claim against PCR counsel under Rule 3:22-4(b)(2)(C) had been timely, which it was not, it nevertheless failed to establish a claim warranting PCR.  As the court found, the claim would have, at best, "circumvent[ed] timeliness requirements for [a] second PCR petition[]."

Defendant's claims against PCR counsel—for failing to object at sentencing, investigate bruises noted in the presentence report, and retain an expert to opine on her injuries—do not establish either prong of Strickland. Because defendant did not demonstrate a prima facie claim for relief, material issues of disputed fact, or that an evidentiary hearing was necessary, the denial of her request for a hearing was not an abuse of discretion.  R. 3:22-10(b); see Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[2]  Although the petition was dated July 3, 2024, the record does not indicate when it was filed.