# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1388-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

E.G.L.-O.,

    Defendant-Appellant.

_____

        Submitted April 14, 2026 – Decided April 28, 2026

        Before Judges Gooden Brown and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-06-1071.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

        Linda Estremera, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant E.G.L.-O. appeals from the December 16, 2024 Law Division order dismissing his second petition for post-conviction relief (PCR) without an evidentiary hearing.[1] We affirm.

## I.

On December 5, 2015, defendant attacked his spouse in front of their two young children in their home. He punched the victim, causing her to fall down a set of stairs and suffer a brain injury. Rather than summoning medical assistance, defendant carried the victim to a bed, where she remained for two days as her brain swelled.

On December 7, 2015, defendant's mother and sister, who came to the home to check on the victim, called 9-1-1 after they saw her condition. Paramedics found the victim in critical condition with life-threatening injuries: her head showed signs of contusions, deformity, and swelling; her left eye was swollen shut; she was unresponsive and lying in her urine; her face and arms were bruised; and her nostrils had dried blood in them.

At the trauma center, surgeons removed a portion of the victim's skull to relieve pressure on her brain. She was placed on a ventilator for several months

---

[1] We identify defendant by initials because his conviction arose from an instance of domestic violence. R. 1:38-3(d)(10).

A-1388-24

and underwent multiple surgeries. Although the victim survived the assault, she was left severely disabled. She is confined to a wheelchair and unable to care for herself or her children. She cannot speak or walk, and her arms and legs have atrophied.

On June 21, 2016, a Middlesex County grand jury indicted defendant, charging him with: (1) first-degree attempted murder, N.J.S.A. 2C:5-1 and :11-3(a)(1), (2); (2) second degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); (3) second-degree endangering the welfare of a child (S.L.), N.J.S.A. 2C:24-4(a)(2); and (4) second-degree endangering the welfare of a child (E.L.), N.J.S.A. 2C:24-4(a)(2).

On September 6, 2016, a Middlesex County grand jury returned a second indictment against defendant, charging him with: (1) third-degree witness tampering as to S.V.L.V. on or about December 5, 2015 to December 7, 2015, N.J.S.A. 2C:28-5(a)(1); (2) third-degree witness tampering as to E.G.L.V. on or about December 5, 2015, to December 7, 2015, N.J.S.A. 2C:28-5(a)(1); (3) third-degree attempted witness tampering as to S.V.L.V. on or about June 16, 2016, N.J.S.A. 2C:5-1(a)(3) and :28-5(a)(1); (4) third-degree attempted witness tampering as to E.G.L.V. on or about June 16, 2016, N.J.S.A. 2C:5-1 and :28-5(a)(1); (5) fourth-degree attempted contempt as to S.V.L.V. by disobeying a

3

judicial order on or about June 16, 2016, N.J.S.A. 2C:5-1 and :29-9(a); (6) fourth-degree attempted contempt as to E.G.L.V. by disobeying a judicial order on or about June 16, 2016, N.J.S.A. 2C:5-1 and :29-9(a); (7) fourth-degree contempt by violating a domestic violence restraining order to not have contact with S.V.L.V. on or about June 16, 2016, N.J.S.A. 2C:29-9(b)(1); and (8) fourth-degree contempt by violating a domestic violence restraining order not to have contact with E.G.L.V. on or about June 16, 2016, N.J.S.A. 2C:29-9(b)(1).

On February 23, 2018, defendant pleaded guilty to second-degree aggravated assault in exchange for the State agreeing to the dismissal of the remaining counts in the first indictment and all counts in the second indictment. The parties agreed defendant would seek a sentence in the third-degree range and the State would seek the maximum sentence in the second-degree range of ten years.

Sentencing was originally scheduled for May 17, 2018, but was adjourned when the State revealed it had not provided defendant with impeachment evidence relating to a prosecutor's office detective who participated in the investigation of the assault. The State provided the evidence to defendant.

On December 17, 2018, defendant moved to vacate his guilty plea based on the impeachment discovery produced by the State. On February 15, 2019,

the court denied the motion after concluding defendant had no colorable claim of innocence and the impeachment evidence was known to defense counsel prior to entry of defendant's plea, even though it had not been produced by the State. The court also found there was no showing "whatsoever" the impeachment evidence would have had an impact on the outcome of this matter.

The court then sentenced defendant to a ten-year term of incarceration with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed, raising only issues relating to his sentence. We affirmed. State v. E.G.L.-O., Docket No. A-2970-18 (App. Div. Sept. 25, 2019).

On October 21, 2020, defendant filed his first PCR petition. Defendant alleged his trial counsel was ineffective because he: (1) advised defendant he would receive a three-year NERA sentence; (2) allowed defendant to enter a guilty plea with an inadequate factual basis; and (3) failed to pursue a speedy trial motion to challenge the two-year delay in the disposition of the charges. Defendant also alleged his appellate counsel was ineffective because he never explained "why they denied [his] direct appeal."

On January 11, 2022, the first PCR court issued an order and written decision denying the petition without an evidentiary hearing. On June 13, 2023,

we affirmed.  State v. E.G.L.-O., Docket No. A-1875-21 (App. Div. June 13, 2023).

On June 12, 2024, defendant filed a second PCR petition.  He alleged his first PCR counsel was ineffective because he failed to argue:  (1) an investigating detective gave false or misleading testimony to the grand jury; and (2) there was an inconsistency in the plea agreement because it stated both that the State would not recommend a sentence and seek a maximum term in the second-degree range.  He also alleged a reversible error was committed when the trial court failed to address the State's failure to produce the impeachment evidence prior to entry of defendant's guilty plea.

On June 14, 2024, the second PCR court issued orders:  (1) finding defendant's petition was cognizable under Rule 3:22-2 and met the requirements of Rule 3:22-8; and (2) assigning counsel.  The court subsequently scheduled a good cause hearing to determine whether the June 14, 2024 orders were issued in error.

On December 16, 2024, the second PCR court issued a written decision and order denying defendant's second PCR petition without an evidentiary hearing.  The court found the second petition was untimely, having been filed more than a year after the denial of his first petition.  The court rejected

defendant's argument that his second petition was not late because the deadline for filing his second petition was stayed while the appeal of his first petition was pending.

For the sake of completeness, the second PCR court also addressed defendant's substantive allegations. The court found: (1) the alleged inconsistency in defendant's plea agreement was raised on direct appeal; and (2) defendant produced no proof, such as the grand jury transcript, the detective gave false testimony. The court did not address defendant's allegations regarding the ineffectiveness of his appellate counsel. This appeal followed.

Defendant raises the following arguments.

POINT ONE

THE PCR JUDGE ERRED IN REVERSING ITS FINDING OF "GOOD CAUSE."

POINT TWO

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF SECOND PCR COUNSEL FOR FAILURE TO ORDER THE GRAND JURY TRANSCRIPT.

II.

We review de novo the trial court's legal conclusion that defendant's second PCR petition is barred by Rule 3:22-4 and Rile 3:22-12(a)(2). State v.

Harris, 181 N.J. 391, 419 (2004). "We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023).

Rule 3:22-4(b) provides, in relevant part:

A second or subsequent petition for post-conviction relief shall be dismissed unless:

(1)    it is timely under R. 3:22-12(a)(2); and

(2)    it alleges on its face either:

(A)    that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B)    that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C)    that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

8

(A)   the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B)   the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C)   the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

"These time limitations shall not be relaxed, except as provided herein."   R. 3:22-12(b).

Defendant does not allege he is entitled to relief based on a newly recognized constitutional right.  His second petition, therefore, does not fall within subsection (A) of the rules.  Nor does defendant allege that his second petition is based on facts he recently discovered.  His second petition, therefore, does not fall within subsection (B) of the rules.

Defendant's second petition alleges he was denied the effective assistance of counsel with respect to his first PCR petition and PCR appeal.  Subsection (C) of the rules requires that a second petition alleging such claims must be filed

9

no more than a year after the date of the denial of the first petition. The one-year period begins on the day the first petition was denied by the first PCR court. See State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (beginning calculation of one-year period on the day first PCR petition was denied in the PCR court, even though the defendant filed an appeal with this court and subsequently filed a petition for certification with the Supreme Court).

Defendant's first petition was denied by the first PCR court on June 11, 2022. He did not file his second PCR petition until June 12, 2024, two years later.

Defendant argues the one-year period for filing a second PCR petition established in Rule 3:22-12(a)(2) begins when all appeals from the denial of the first petition are complete. Alternatively, he argues if the one-year period begins upon the first PCR court's dismissal of the first petition, the filing period should be relaxed as a matter of fundamental fairness because: (1) he misunderstood Rule 3:22-12(a)(2) to require the filing of his second petition within one year of issuance of our opinion affirming the denial of his first petition; and (2) if the time bar is applied to his second petition his claim of ineffective assistance of first PCR counsel will never be fully developed and adjudicated, resulting in a fundamental injustice.

As noted above, we held in <u>Jackson</u> that the one-year period begins when the first PCR court denies the first PCR petition. <u>Ibid.</u> Defendant cites no contrary precedent and makes no convincing argument we should depart from the long-standing holding in <u>Jackson</u>.

In addition, we held in <u>Jackson</u> that we may not relax the time limit for filing a second PCR petition. <u>Ibid.</u> Unlike <u>Rule</u> 3:22-12(a)(1)(A), which applies to the filing deadline for a first PCR petition, <u>Rule</u> 3:22-12(a)(2) does not allow relief from the mandatory time bar based on fundamental injustice. <u>See Id.</u> at 293-94. Defendant cites several precedents in which courts have relaxed limitations on PCR petitions, other than the time limitations established in <u>Rule</u> 3:22-12(a)(2), to prevent a fundamental injustice, <u>see e.g.,</u> <u>State v. McQuaid,</u> 147 N.J. 464, 485 (1997) (waiving limitation in <u>Rule</u> 3:22-12(a)(1) on filing a PCR petition more than five years after entry of conviction to avoid fundamental injustice). Those precedents are not controlling here.

However, even if we were to apply those precedents, we see no fundamental injustice in the dismissal of defendant's untimely second PCR petition. Defendant alleged his first PCR counsel was ineffective for failing to argue there was an inconsistency in his plea agreement with respect to the sentence the State would seek. However, at oral argument in his direct appeal,

11

heard on our sentencing calendar without briefing, defendant's counsel told the court it was "abundantly clear" at the time the plea was entered that the State "would be asking for the maximum allowable by statute" at sentencing.

Defendant also alleged his first PCR counsel was ineffective for not arguing a detective gave false or misleading testimony to the grand jury. Defendant's second petition does not elaborate on his claim. Defendant admits he did not have a transcript of the grand jury proceedings when he drafted his second petition. This likely explains the utter lack of detail in the allegations with respect to the detective. For more than four years, from his February 15, 2019 conviction, to the June 11, 2023 filing deadline for his second PCR petition, defendant had the opportunity to obtain a transcript of the grand jury proceedings to determine if he had a plausible claim the detective mislead the grand jurors. He did not do so and merely speculates his first PCR counsel was ineffective for not raising this unexplained claim.

Finally, defendant alleged the sentencing court erred when it did not adequately address the State's late production of the impeachment evidence shortly after he pleaded guilty. Defendant was aware of the late production and moved to vacate his guilty plea on that basis. He could have challenged the denial of that motion in his direct appeal, but did not do so. He may not,

A-1388-24

therefore, raise the argument in a PCR petition.  R. 3:22-4(a).  In addition, the sentencing court found defendant's counsel was aware of the impeachment evidence prior to entry of the guilty plea and there was no showing "whatsoever" the evidence would have had an impact on the outcome of this matter.  Thus, defendant's inability to raise the argument in his second PCR petition would not result in a fundamental injustice.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1388-24