**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0572-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXANDER RUIZ-NEGRON,
a/k/a ALEXANDER RUIZ and
ALEXANDER RUIZNEGRON,

    Defendant-Appellant.

_____

Submitted May 27, 2026 – Decided June 26, 2026

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 13-01-0043.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alexander Ruiz-Negron appeals from the October 2, 2024 Law Division order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

Defendant's convictions arose from a June 13, 2012 gunpoint robbery of a gas station in Dennis Township by several men. Two employees of the gas station were present. One victim was hit on the head with a gun by an assailant. The robbers stole cash and a laptop. Video surveillance recordings confirmed the robbery had occurred but were not clear enough to identify the perpetrators.

Shortly after the robbery, police officers applied for a search warrant of a home in an unrelated drug investigation in Woodbine. They believed the robbery suspects were tied to the narcotics investigation. In a written plan for executing the warrant, an officer stated it was "possible that the execution of the search warrant today will reveal info[rmation] related to the robbery."

During the search, officers found and seized a laptop of the kind stolen from the gas station. They then obtained a communications data warrant to search the contents of the laptop. The search revealed photographs on the laptop

2

of the gas station attendant who was robbed, corroborating it was the device stolen during the robbery.

Defendant and two codefendants were charged in a Cape May County indictment. Defendant was charged with: (1) first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) (count one); (2) second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); (3) second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); (4) second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count four); (5) third-degree theft, N.J.S.A. 2C:20-3 (count five); (6) second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and :15-1(a)(1) (count six); and (7) second-degree possession of a weapon by a certain person, N.J.S.A. 2C:39-7 (count nine).[1]

Defendant moved to suppress the laptop. The court denied the motion, finding the evidence was within the scope of the warrant and its discovery would, in any event, have satisfied the plain-view exception to the Fourth Amendment.

Defendant and the two codefendants were tried together. A bifurcated jury convicted defendant of all charges other than the certain persons charge, which the court later dismissed on the State's motion. The court, having granted

---

[1] Counts seven and eight of the indictment were not lodged against defendant.

the State's motion to sentence defendant as a persistent offender, imposed an extended thirty-five-year term of imprisonment on the robbery conviction, and a concurrent extended fifteen-year term of imprisonment on the unlawful possession of a weapon conviction. The remaining charges were merged into the robbery conviction.

On direct appeal, we affirmed defendant's convictions but remanded for resentencing. State v. Ruiz-Negron, No. A-1993-14 (App. Div. Mar. 10, 2017). We rejected defendant's arguments: (1) the search warrant of the Woodbine residence was not sufficient to permit seizure of the laptop; (2) the trial court erred when it dismissed a juror shortly after opening arguments when she recognized in the audience the girlfriend of one of the defendants; (3) the trial court admitted "other crimes" evidence in violation of N.J.R.E. 404(b); (4) the trial court should have conducted a hearing after a juror expressed misgivings about his guilty vote following delivery of the verdict; and (5) the verdict was against the weight of the evidence.

We affirmed the sentence imposed on the robbery conviction. However, we agreed with defendant's argument the imposition of a second extended sentence on the weapons possession conviction was illegal. We remanded for

A-0572-24

resentencing. The Supreme Court denied defendant's petition for certification. State v. Ruiz-Negron, 231 N.J. 118 (2017).

On remand, the court sentenced defendant to a ten-year term of imprisonment with a five-year period of parole ineligibility on the weapons possession conviction to be served concurrently with the sentence on the robbery conviction. We subsequently affirmed the sentence imposed on remand but remanded a second time for entry of a corrected judgment of conviction regarding service credits and fines. State v. Ruiz-Negron, No. A-1791-17 (App. Div. Mar. 20, 2018).

Defendant subsequently filed a self-represented first PCR petition. In the first petition, as amplified by assigned counsel, defendant argued his trial counsel was ineffective in: (1) not moving to sever his trial from the two codefendants; and (2) not requesting the trial judge give the jury an absent-witness charge under State v. Clawans, 38 N.J. 162, 170-71 (1962), concerning the State's failure to call one of the victims.

On January 28, 2020, the first PCR court denied the petition without an evidentiary hearing. In a written decision, the first PCR court found although defendant's trial counsel was remiss in not moving for severance, defendant failed to establish he was prejudiced by the deficiency. In addition, the court

found no deficient performance of trial counsel with respect to the Clawans issue.

We affirmed the denial of defendant's first PCR petition. State v. Ruiz-Negron, Docket No. A-3905-19 (App. Div. Mar. 1, 2022). The Supreme Court denied defendant's petition for certification. State v. Ruiz-Negron, 252 N.J. 119 (2022).

On December 26, 2022, defendant filed a second PCR petition. He argued his trial counsel was ineffective because he: (1) did not "appropriately object" to hearsay testimony; (2) poorly cross-examined a witness; (3) failed to cross-examine a detective who testified, or challenge his credentials; (4) did not "appropriately argue" for a judgment of acquittal; and (5) did not object to the assistant prosecutor's reference to cellphone triangulation evidence during his summation. Defendant essentially argued his first PCR counsel was ineffective for not raising these issues in his first petition.

He also argued the late filing of his second petition should be excused because he was unsophisticated in legal matters and was never informed he had one year from the first PCR court's decision to file a second petition. In addition, defendant argued dismissal of his second petition on timeliness grounds would be a fundamental injustice.

6

On October 2, 2024, the second PCR court issued a written decision denying the petition without an evidentiary hearing. The court found defendant's claims were time-barred. Alternatively, the court concluded many of the claims asserted in defendant's second PCR petition were addressed either on direct appeal, in the first PCR petition, or on the first PCR appeal. Finally, the second PCR court found defendant's first PCR counsel was not ineffective because the issues defendant alleged he failed to raise were meritless or previously raised and rejected in his direct appeal. The court determined an evidentiary hearing was not necessary given the absence of a prima facie case of ineffective assistance of counsel.

An October 2, 2024 order memorialized the second PCR court's decision. This appeal followed.

Defendant raises the following arguments.

POINT I[2]

THE PCR COURT ERRED IN PROCEDURALLY BARRING DEFENDANT FROM SEEKING SECOND [PCR].

. . . .

---

[2] Defendant's point headings have been edited to remove references to legal standards.

A-0572-24

(B) DEFENDANT SHOULD NOT HAVE BEEN PROCEDURALLY BARRED FROM SEEKING SECOND [PCR] UNDER [RULE] 3:22-12.

(C) DEFENDANT SHOULD NOT HAVE BEEN PROCEDURALLY BARRED FROM SEEKING SECOND [PCR] UNDER [RULE] 3:22-5.

POINT II

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR SECOND PCR.

. . . .

(B) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO APPROPRIATELY OBJECT TO HEARSAY TESTIMONY.

(C) TRIAL COUNSEL WAS INEFFECTIVE FOR POORLY CROSS-EXAMINING LUIS MONTALVO RODRIGUEZ.

(D) TRIAL COUNSEL WAS INEFFECTIVE IN NOT CROSS-EXAMINING DETECTIVE BRYAN HAMILTON, NOR CHALLENGING HIS CREDENTIALS.

(E) TRIAL COUNSEL DID NOT APPROPRIATELY ARGUE FOR A MOTION OF JUDGMENT OF ACQUITTAL.

(F) TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE PROSECUTOR'S REFERENCE TO CELLPHONE TRIANGULATION EVIDENCE IN THE STATE'S SUMMATION.

A-0572-24

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE
GENUINE ISSUES OF MATERIAL FACT IN
DISPUTE, THE PCR COURT ERRED IN DENYING
AN EVIDENTIARY HEARING.

II.

We review de novo the trial court's legal conclusion defendant's second
PCR petition is barred by Rule 3:22-4 and Rule 3:22-12(a)(2).  See State v.
Harris, 181 N.J. 391, 419 (2004).  "We review a judge's decision to deny a PCR
petition without a hearing for abuse of discretion."  State v. Vanness, 474 N.J.
Super. 609, 623 (App. Div. 2023).

Rule 3:22-4(b) provides, in relevant part:

A second or subsequent petition for post-conviction
relief shall be dismissed unless:

(1)    it is timely under R[ule] 3:22-12(a)(2); and

(2)    it alleges on its face either:

(A)    that the petition relies on a new rule of
constitutional law, made retroactive to defendant's
petition by the United States Supreme Court or the
Supreme Court of New Jersey, that was unavailable
during the pendency of any prior proceedings; or

(B)    that the factual predicate for the relief sought
could not have been discovered earlier through the
exercise of reasonable diligence, and the facts
underlying the ground for relief, if proven and viewed

9

in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

"These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b).

Defendant does not allege he is entitled to relief based on a newly recognized constitutional right. His second petition, therefore, does not fall

10

within subsection (A) of the rules. Nor does defendant allege his second petition is based on facts he recently discovered. His second petition, therefore, does not fall within subsection (B) of the rules.

Defendant's second petition alleges he was denied the effective assistance of counsel with respect to his first PCR petition and PCR appeal.[3] Subsection (C) of the rules requires a second petition alleging such claims to be filed no more than a year after the date of the denial of the first petition. The one-year period begins on the day that the first petition was denied by the trial court. See State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (beginning calculation of one-year period on the day the first PCR petition was denied, even though the defendant filed an appeal with this court and subsequently filed a petition for certification with the Supreme Court).

Defendant's first petition was denied on January 28, 2020. He did not file his second petition until December 26, 2022, almost three years later.

Defendant recognizes his second petition was untimely. He argues the filing period should be relaxed to permit his late petition because he was

---

[3] Read literally, defendant's second petition primarily alleged errors on the part of his trial counsel. We presume defendant intended to list the errors by trial counsel he alleged his first PCR counsel either did not argue or argued ineffectively.

A-0572-24

unsophisticated in the law, and if the time bar is applied, his claim of ineffective assistance of first PCR counsel will never be fully developed and adjudicated, resulting in a fundamental injustice to him.

We, however, may not relax the time limit for filing a second PCR petition. Ibid. Unlike Rule 3:22-12(a)(1)(A), which applies to the filing deadline for a first PCR petition, Rule 3:22-12(a)(2) does not allow relief from the mandatory time bar based on a petitioner's excusable neglect to avoid a fundamental injustice. See id. at 293-94. Defendant must bear the consequences of his failure to file his second PCR petition until almost two years after expiration of the limitations period for doing so.

In support of his argument defendant also cites State v. Hannah, 248 N.J. 148 (2021), where the Court permitted consideration in a third PCR petition of a claim of ineffective assistance of counsel that could have been, but was not, raised in the defendant's first PCR petition. In that case, the third petition was based on newly discovered evidence of third-party guilt that was first revealed to the defendant more than a decade after his conviction. Id. at 155, 168. The third PCR court found the evidence was not newly discovered because defendant's counsel was aware of the evidence at the time of trial. Id. at 176-77. The third PCR court "touched on" the question of whether defendant's trial

12

counsel was ineffective for not introducing the evidence at trial, concluding he was not because the new evidence did not contain "new information" likely to change the outcome of the trial. Id. at 177. We affirmed the third PCR court's decision. Id. 171-72.

The Supreme Court, after accepting the third PCR court's finding defendant's counsel was in possession of the evidence at the time of trial, id. at 176-77, turned to the question of whether defendant's ineffective assistance of counsel claim was barred under Rule 3:22-4(a), id. at 177-78. That Rule precludes consideration of any claim in a PCR petition that could have been raised in a prior PCR petition. Because Hannah's trial counsel was in possession of the evidence at the time of trial, Hannah could have raised in his first petition a claim of ineffective assistance of counsel for his failure to use that evidence at trial.

The Court, citing Rule 3:22-4(b), found barring consideration of Hannah's ineffective assistance of counsel claim in his third petition because of the prior adjudication would constitute a "fundamental injustice." Id. at 178-79. Thus, the Court held that "Rule 3:22-4 permitted judicial review to correct a

fundamental injustice or to provide relief for a claim of constitutionally ineffective assistance of counsel." Id. at 178 (footnote omitted).[4]

The holding in Hannah does not apply here. Hannah concerned the procedural bar to a defendant raising a claim in a PCR petition that could have been raised in a prior petition. Id. at 178 (citing Rule 3:22-4(a)). The Court did not discuss the strict time bar imposed under Rule 3:22-12(a)(2), or our decision interpreting that Rule. See Jackson 454 N.J. Super. at 292.

In addition, Hannah concerned evidence about which the defendant was previously unaware and he argued might have changed the outcome of his trial if it had been presented to the jury. Here, defendant does not claim newly discovered evidence would likely have changed the outcome of his trial. He argues his first PCR counsel was ineffective for not raising claims available to him when the first petition was filed and for not effectively arguing the claims he raised in the first petition.

Defendant had ample opportunity to file a timely second PCR petition alleging his first PCR counsel was ineffective. His failure to do so is not

---

[4] The Hannah Court applied the version of Rule 3:22-4 then in effect. The Rule was revised and now specifically states the denial of the effective assistance of counsel may constitute a fundamental injustice warranting relaxation of the procedural bar.

14

explained in the record.  Defendant's lack of legal sophistication is not a grounds on which to disregard the strict time limit in Rule 3:22-12(a)(2).  Our courts have rejected similar arguments in the context of excusable neglect under Rule 3:22-12(a)(1)(A).  See State v. Murray, 162 N.J. 240, 246 (2000) (a defendant's lack of legal sophistication did not constitute excusable neglect warranting waiver of the five-year filing limit in Rule 3:22-12(a)(1)(A)).  The late filing of defendant's second PCR precluded its consideration by the second PCR court.

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0572-24